Bourke v. Vanderlip.

MICHAEL BOURKE v. D. C. VANDERLIP'S EX'RS AND OTHERS.

A debtor may agree, by parol, to waive the notice of a sale, stipulated for in a deed of trust, in consideration of additional time being given him.

If the plaintiff admit his indebtedness, in a petition for an injunction, the defendant, upon the dissolution of the injunction, if he has asked therefor in his answer, is entitled to the judgment for the amount due, although his pleadings do not set forth the amount of the plaintiff's indebtedness to him.

It is not necessary to repeat, by distinct averments, in the answer, what the petion admits; and it is sufficient for the defendant to ask for the judgment, to which he is entitled, on the plaintiff's averments.

When the court has acquired jurisdiction of the cause, it is proper to proceed to adjudicate the rights of the parties, as disclosed by their allegations and proofs.

APPEAL from Bexar. Tried below before S. G. Newton, Esq., selected as special judge, by the parties, the presiding judge being disqualified to try the case.

Suit by appellant, against Newton A. Mitchell, executor, and Adelia Vanderlip, executrix of David C. Vanderlip, deceased, and James Paul, to enjoin the sale of the press, type, &c., belonging to the office of the San Antonio Ledger.

The petition stated, that a deed of trust had been given by the appellant, and two others, whose interest he had since acquired, to said Paul, upon the said type, press, &c., to secure the payment to David C. Vanderlip, of certain notes, of the amounts, and due at the times, stated in the petition. It was further stated, that by the terms of said deed of trust, in the event of a default in the payment of the said notes, the trustee might sell the property therein described, upon giving twenty days' notice of the time of sale; that the trustee had advertised the said property for sale, upon Tuesday, the 3d day of June, 1856; and that notices of the said sale had not been posted twenty days previous to the time for the same.

The defendants answered that, after the plaintiff had made default in the payment of his said indebtedness, he agreed with the defendants, in consideration of further time being given him, to waive the notice of the sale of the property, as stipulated for in the deed of trust.

Upon the trial, the defendants proved the plaintiff's admission that he had agreed to waive the twenty days' notice of sale, in consideration of time previously given him; to the admissibility of which testimony, the plaintiff excepted. It was admitted, by the parties, that the deed of trust described in the plaintiff's petition, was executed as therein mentioned; and that the notes described in said deed of trust, were executed as stated.

*I. A.* and *Geo. W. Paschal*, for appellant.

*J. A.* and *R. Green*, for appellees.

WHEELER, CH. J.   It is not perceived, that there was any legal impediment to the making of a valid agreement, in consideration of the giving of further time to the debtor, to waive, on his part, the twenty days' notice provided for in the deed of

trust. In the face of such an agreement, (which had been acted on by the giving of the time, by the creditor,) the debtor, we think, was not entitled to the aid of a court of equity, to be relieved from his agreement, by an injunction to restrain the sale.

It is insisted, that the judgment was erroneously rendered for the defendants in the injunction, for the money secured by the deed of trust, because, it is said, there was no plea in re-convention. But it is to be observed, that it appeared, by the plaintiff's own averments, that the defendants were entitled to a recovery. Their cause of action was fully set forth, and admitted by the plaintiff, in his petition, which the defendants averred to be true. It was not necessary to repeat, by distinct averments in the answer, what the petition admitted. It was sufficient for the defendants to ask the judgment, to which they were entitled upon the plaintiff's own averments. This they did, by the prayer of their answer. Where the case of a party is thus confessed, by the adverse party, there can be no necessity that he should aver and prove it. The object of an allegation, is to admit proof; but there is no necessity for proof, where the facts are admitted, and therefore not in issue between the parties. The court having acquired jurisdiction of the case, very properly proceeded to adjudicate the rights of the parties, as disclosed by their allegations and proofs.

The judgment appears to have been rightly rendered by the court, (a jury having been waived,) against principal and sureties in the injunction bond. (Hart. Dig. Art. 1602–3.) There is no error in the judgment, and it is affirmed.

Judgment affirmed.