E. M. Roach *v.* The State.

1. WIFE'S DECLARATIONS CANNOT BE PROVED BY HUSBAND.—The husband cannot be examined as to statements made by his wife for the purpose of impeaching her testimony. This rule obtains regardless of the time when the relation commenced.

2. EXAMINATION OF WITNESSES—WITNESS UNDER THE RULE.—The court will not revise the action of the District Court in refusing to allow a witness to be recalled who had been discharged from the rule, unless it be shown that the fact sought to be proved was not known at the previous examination, or why the question was not asked at first examination.

3. WITNESSES AS TO CHARACTER.—Witnesses called to testify to the character for truth and veracity of a witness are admissidle, although not placed *under the rule.*

4. Boone *v.* Weathered, 23 Tex., 675, approved, as to impeaching witnesses.

APPEAL from Lamar. Tried below before the Hon. J. C. Easton.

*Johnson & Minor,* for appellant.

*George Clark, Attorney General,* for the State.

REEVES, ASSOCIATE JUSTICE.—The court did not err in refusing to give the charge asked by appellant. It was substantially given in the general charge, and the court could not be required to give it again in a different form. The record is badly made up, using words and terms having no application to the case, owing, as must be supposed, to the carelessness of the clerk, and which should have been corrected before the transcript left his office. The expressions referred to occur in the charge of the court, as copied into the record; but as the case will be disposed of on other grounds, it will not be necessary to notice the charge more particularly. During the progress of the trial the defendant took several bills of exceptions to rulings of the court on questions of evidence. On the cross-examination of the State's witness, Anna Newger, the mother of the child alleged to be injured, defendant asked the witness whether she was married, and if so, when and to whom, and whether she had made any statements to the party she married, before the marriage or since, about the charge against the defendant, and if so,

what statement she made. Afterwards the husband of the witness was introduced by defendant to prove the declarations made by the witness about the charge against the defendant before their marriage. As the object, as must have been intended, was to impeach the credit of the first witness for truth and veracity, the question was defective, in failing to call the attention of the first witness to any particular statement or declaration she may or may not have made, giving the time and place. There being no predicate laid for it, the witness could not be impeached in the mode in which it was attempted to be done, and the court properly excluded the witness from proving the statement, whatever it may have been. It was also properly excluded for the reason that the witnesses sustained to each other the relation of husband and wife, and it made no difference at what time the relation commenced. (1 Greenl. Ev., §§ 334, 335, 336; Pas. Dig., arts. 3112, 3113.)

Another objection is, that the court would not permit the witness Allen to be recalled after he had been examined and discharged from the rule. The manner in which witnesses are examined must, in general, be left to the discretion of the court; and where, as in this case, it appears that the witness had been upon the stand, and the opportunity for full examination had been afforded, the discretion of the court will not be controlled where no reason is shown why the examination was not made before the witness was discharged from the rule. It is not stated that the fact proposed to be proved by the witness was not known to the defendant on the previous examination, or why the question was not then asked him. Some reason should have been given why it was not done, and none appearing, we see no ground to suppose that the discretion of the court was improperly exercised. (Sartorious v. The State, 24 Miss., 602, 609.)

We believe there was error in applying this rule to the impeaching witnesses, and who, as is shown in this case,

had not been placed under the rule. The Code of Procedure makes provision for placing witnesses under the rule, and provides that the court shall allow testimony to be introduced at any time before the argument of a cause is concluded, if it appear that it is necessary to a due administration of justice. (Arts. 3046, 3047.)

"There are four methods," says Russell in his Treatise on Crimes and Misdemeanors, "by which a person may impeach the credit of a witness who is called against him, besides the disproval of the facts stated by the witness: 1. By cross-examination. 2. By proof of statements made by him previous to his examination, inconsistent with his present evidence. 3. By proof of his acts and declarations touching the matter at issue. 4. By general evidence of his character." (2 vol., 925.)

The defendant sought to discredit the witness Anna Newger by proof of statements made by her previous to her examination in court; but, as already shown, the proper foundation was not laid on the cross-examination, and the evidence was inadmissible for that purpose when the witness was attempted to be discredited by her husband, and, secondly, by proof of her character for truth and veracity. The proof offered for this last purpose ought to have been admitted, but it was refused by the court, and on that ground the case will be reversed. The rules on the subject of impeaching a witness are fully examined in the case of Boon *v*. Weathered, 23 Texas, 675, and here referred to for the principles and rules of practice on questions of this kind.

As the case will be remanded for another trial, no opinion is expressed as to the sufficiency of the evidence to warrant a conviction, nor is it regarded as necessary to the present decision to examine the other grounds of the motion for a new trial, as the objections may not probably arise on a future trial.

REVERSED AND REMANDED.