J. F. SMITH & BRO. v. WESLEY WOODS.

(No. 134, Tex. L. J., vol. 1, p. 221.)

APPEAL from Brazoria County. Opinion by WHITE, J.

§ 680. *Crediting a note in order to bring it within the jurisdiction of a justice; application of credits and payments.* Woods executed his note to Smith & Bro. for $221.18, gold, on the 20th of December, 1873. On the 6th of July, 1876, Smith & Bro. credited the note by $21.18, in order to reduce the amount to $200, a sum within the jurisdiction of a justice's court. At the time they entered this credit, the note had been running upon interest above two years and nine months, and the interest alone amounted to some $70 or more.

Now it is an elementary rule that a payment upon a note, in the absence of proof of an intention to make a different application of it, must first be applied to the extinguishment of the interest. [Hampton v. Dean, 4 Tex. 460.] If the credit indorsed was thus applied, then the credit in this case would not extinguish the interest, much less reduce the principal of the note. The justice held it to be an extinguishment of so much of the principal as reduced it within his jurisdiction, and gave judgment for plaintiffs accordingly. Defendant gave notice of appeal after his motion for new trial was overruled, but from some cause not appearing of record, his appeal

was not perfected. Subsequently he sued out an injunction to restrain the collection of the judgment because void for want of jurisdiction in the justice's court.

§ 681. *Practice in county court on injunction to restrain a justice's judgment.* This injunction came on for hearing in the county court, and upon a charge of the court submitting to the jury solely the question of jurisdiction of the justice, and a finding by them upon that issue alone, judgment was rendered declaring the judgment of the justice null, void and of no effect, and giving the plaintiff his costs. This was error — the court should have heard the case upon its merits. The law is that, where a judgment is void, " the defendant was entitled to have it so declared, and the proceedings under it enjoined. But the court having obtained cognizance of the case for one purpose, would retain it for the further purpose of doing full and complete justice between the parties, and would give judgment for the plaintiff upon the cause of action on which the judgment of the justice was rendered, if, upon the merits, the plaintiff was entitled to judgment. Such is the settled practice." [Edrington v. Allsbrooks, 21 Tex. 186; Willis v. Gordon, 22 Tex. 241; Witt v. Miller, 25 Tex. Sup. 384; Bourk v. Vanderlip, 22 Tex. 221.]

February 9, 1878.  Reversed and remanded.