[No. 1455.]

BEN BROWNLEE v. THE STATE.

1. MURDER—PRACTICE—PROOF OF GENERAL CHARACTER.—An inquiry as to character must be limited as to the general reputation of the person in the community of his residence, or where he is best known, and the witness must speak from his knowledge of this general character, and not from his own individual opinion. The statement of a witness that he had been well acquainted with the defendant and the deceased for several years, and that he lived in the same community in which they lived, did not qualify the witness to testify as to the general character of the parties respectively, for peace or violence.

2. SAME—CHARGE OF THE COURT—PRACTICE IN THIS COURT.—In considering a charge, and testing its correctness and sufficiency, this court views it as a whole and not in detached parts; and if as a whole it is found unexceptionable, presenting clearly and fully, and in manner not likely to mislead the jury, the entire law of the case, it is deemed sufficient.

3. SAME.—When requested charges are substantially embraced in the general charge of the court, the refusal of the court to give them is not error.

4. SAME—EVIDENCE.—See the opinion *in extenso* for evidence *held* sufficient to sustain a conviction for murder in the second degree.

APPEAL from the District Court of Smith. Tried below before the Hon. J. C. Robertson.

The indictment charged the murder of Anderson Bigby by the appellant, in Smith county, Texas, on the eighteenth day of August, 1880. The appellant was convicted of murder in the second degree, and awarded a term of five years in the penitentiary.

The opinion of the court discloses sufficiently the substance of the testimony upon which the conviction was had.

The motion for new trial raised the questions discussed in the opinion of the court, and attacked the verdict as unsustained by either the law or the evidence.

*C. G. White*, for the appellant.

*H. Chilton*, Assistant Attorney General, for the State.

Willson, J.  On the eighteenth of August, 1880, the defendant, in Smith county, shot and killed Anderson Bigby.  The killing occurred on the railroad track, some three or four hundred yards from the residence of Squire Brownlee, the defendant's father, and near where defendant was that day engaged in chopping wood.  The deceased went to where defendant was at work, and they had an altercation, which resulted in deceased striking the defendant and kicking him.  Defendant then left, going down the railroad track in the direction of his father's house.  Soon after he had gone, his father, Squire Brownlee, came down the road from the direction of his home, and a quarrel there occurred between him and the deceased, and the deceased cut a stick and attempted to strike Squire Brownlee with it.  The stick was taken from deceased by a witness who was present.  About this time, the defendant came up through the bushes on the side of the railroad, to within some thirty steps of the deceased, and shot and killed him.

There is some conflict in the testimony of the several witnesses who were present and saw the shooting, as to the position of the deceased and Squire Brownlee at the precise time the shooting occurred, and as to what the deceased was doing at that time. All the witnesses, however, concur in one fact, and that is, that the gun was fired after the stick had been taken from deceased, and some of the witnesses say that at the time deceased was shot he was standing still, and was talking to Squire Brownlee in a peaceable and conciliatory manner, and making no attempt whatever to do violence to him, and that while he was thus standing and talking the defendant fired upon him from the bushes, and then fled.

There was evidence on the part of the defendant of threats made by deceased that he intended to kill the defendant, and also intended to kill all the Brownlee family, and that these threats were communicated to the defendant on the day of the killing, and only a short time before, and that he was informed

that the deceased was coming to where he then was at work on that day to kill him. It was also proved that a short time before the killing the deceased left home, armed with a pistol, saying that he was going to kill the defendant. If the deceased, however, had a pistol at the time he was killed it was not exhibited by him, and he made no attempt to use it. It was also proved that the general character of the deceased was that he was a man of violence. The defendant was eighteen or nineteen years of age at the time of the killing.

Upon the trial the defendant introduced a witness who testified that he had been well acquainted with the defendant and with the deceased for a number of years, and lived in the same neighborhood they lived in. He was then asked by defendant's counsel what was the general character of the parties respectively for peace or violence. The State's counsel objected to the witness answering the question, because he had not qualified himself by stating that he was acquainted with such general character. The objection was sustained and the defendant excepted. No question is made as to the defendant's right to introduce evidence of general character, but the objection is as to the proper mode of introducing it. We think the court did not err in refusing to permit the witness to testify in regard to the general character of the parties. He had not qualified himself to speak as to the subject. The inquiry as to character must be limited to the general reputation of the person in the community of his residence, or where he is best known; and the witness must speak from his knowledge of this general character, and not from his own individual opinion. (*Boon* v. *Weathered*, 23 Texas, 675; *Roach* v. *The State*, 41 Texas, 261; *Marshall* v. *The State*, 5 Texas Ct. App., 273.)

Counsel for defendant contends that this rule does not apply to proof of character under Article 612 of the Penal Code. We see no reason why it should not. We find no such distinction as is contended for laid down in the books. Mr. Wharton, in his work on Criminal Evidence, section 58, in treating upon this subject, says: "Character, in the sense in which the term is used in jurisprudence, means the estimate attached to the individual by the community, not the real qualities of the individual as conceived by the witness. In other words, it is not what the individual in question really is, but what he is held to be by the society in which he moves. 'Character,' therefore, is to be regarded as convertible with 'reputation.' A witness, therefore,

Q

who is called to speak to character—unlike a master who is asked for the character of his servant—cannot give the result of his own personal experience and observation, or express his own opinion, but, in strict law, he must confine himself to evidence of mere general repute."

The defendant's counsel objects to the charge of the court, and insists that it is erroneous in several particulars and notably in charging the law of self-defense. We have carefully considered the charge, and we do not think it is obnoxious to the objections urged against it. In considering a charge, and testing its correctness and sufficiency, it must be viewed as a whole, and not in detached portions. Considering the charge in this case as a whole, we think it is unexceptionable, presenting clearly and fully, and in a style which was not likely to mislead the jury, the entire law of the case, and in a most favorable light for the defendant.

The charges asked by the defendant, and refused by the court, were, we think, substantially embraced in the general charge of the court in so far as the same were proper to be given, and the court did not err in refusing them.

The evidence fully supports the verdict, and in our opinion the finding of the jury was exceedingly lenient. This was due, perhaps, more to the youth of the defendant than to any extenuating circumstances in the homicide itself. The jury might well have been warranted by the evidence in finding the defendant guilty of murder in the first degree. We think he has cause to congratulate himself that he has escaped a much severer punishment than the jury, in their mercy, have visited upon him.

The judgment is affirmed.

*Affirmed.*

Opinion delivered November 18, 1882.