Opinion by
Willson, J.
§ 449. Jurisdiction of state courts of action against a United Slates marshal upon his official bond; removal of cause to United States court; case slated. Appellee purchased from one Hooker certain goods. Phillips, who was United States marshal for the eastern district of Texas, seized said goods under a writ of attachment *395 issued upon a judgment against said Hooker, rendered in the circuit court of the United States for said district, and afterwards sold said goods under order of sale issued from said circuit court. Appellee brought this suit against said marshal and the sureties upon his official bond, to recover damages for the said seizure and conversion of said goods, and obtained judgment for $650.30 and costs. Appellants pleaded to the jurisdiction of the county court, alleging as a reason why said 'court did not have jurisdiction, that the action was upon the official bond of said Phillips as United States marshal, to recover damages for alleged wrongful acts committed by him in his official capacity, and that the courts of the United States alone had jurisdiction in such case. Upon this ground they also filed their petition to remove said cause to the United States district court for the eastern district of Texas. The county court overruled the plea to the jurisdiction, and refused to remove the cause. Held, in this action of the court there was no error. This precise question came before the supreme court of the United States in the case of McKee v. Rains, 30 Wall. 22, which was an action of trespass brought upon a marshal’s official bond, and it was held that the state court had jurisdiction, and that the parties being all citizens of the same state (as they are in this case), the cause was not within the original jurisdiction of any national court; nor was it a case that could be removed into any such' court. [See, also, Buck v. Colbath, 3 Wall. 340; Bigelow v. Forrest, 9 Wall. 339; Desty on Bern. 200.] It was within the power of the county court to pass upon the sufficiency of the petition for removal, and to determine whether or not it presented legal cause, entitling petitioner to the removal. [R. R. Co. v. McAlister, 59 Tex. 349.]
§ 450. Pleading; defect in, cured by pleading of adversary, tuJien. It was not error to overrule the exceptions to the petition. It stated facts which showed a good cause of action in the plaintiff. The special exception *396 made to it, that it did not show by what authority said marshal acted; that it did not allege that the trespass complained of was committed by him colore officii, even if a good objection, was obviated and the defect cured by the answer of appellants, wherein they specifically set forth the process under which said marshal acted, and sought to justify thereunder. Where the case of a party is confessed in the pleading of his adversary, there can be no necessity that he should ayer and prove it. The object of an allegation is to admit proof; but there is no necessity for proof when the facts are admitted. [Bourke v. Vanderlip, 22 Tex. 221.] “If one party expressly aver a material fact, omitted on the other side, the omission is cured.” [Grimes v. Hagood, 10 Tex. 246,]
November 26, 1884.
• § 451. Evidence; witness may testify as to his intention. There is no rule of evidence which forbids a witness testifying what his intention or motive was in making a sale of goods. The rule seems to be well settled, that while a witness is not permitted to testify as to the intention of another party, he may as to his own intention. [1 Whart. Ev. §§ 482, 508; 2 id. § 955.]
§ 452. Refusing to permit witness to testify, notrevisable, unless, etc. That the court refused to permit a witness to testify because he had not been placed under the rule with the other witnesses, is the exercise of a discretion which will not be revised on appeal, except in an extreme case, where it clearly appears that such discretion has been abused to the injury of the complaining party. [Sherwood v. The State, 42 Tex. 498; Powell v. The State, 13 Tex. Ct. App. 244.]
Affirmed.