ROBERTA RAYMOND V. THE STATE.

No. 10609.  Delivered February 9, 1927. .

1.—Possessing Intoxicating Liquors — Evidence — Motion to Suppress—
   Properly Overruled.

Where the appellant complains of the overruling of his preliminary
motion to suppress the testimony of three witnesses to facts obtained
through the search of a private dwelling without a search warrant, while
the bills presenting the matter are incomplete, the rule in this state does
not sanction the procedure attempted. The appellant's rights would be
fully protected by objection to the evidence when it was offered. See
Foster v. State, 282 S. W. 600.

2.—Same—Requested Charge—Properly Refused.

There was no error in refusing appellant's requested charge to the
effect that it was essential for the state, in order to convict, to have evi-
dence in addition to that showing that appellant possessed more than a
quart of whiskey. When proof of possession of more than a quart is
presented, a prima facie case of possession for the purpose of sale is
made out. Following Newton v. State, 267 S. W. 272 and other cases cited.

3.—Same—Requested Charges—Practice in Trial Court.

Requested charges which are refused must show that they were pre-
sented to the trial court before argument began. Appellant's bills Nos.
2 and 3 are not in compliance with this rule, and cannot be considered.
See Arts. 658, 659 and 660 C. C. P., 1925.

Appeal from a conviction in the District Court of Harrison County. Tried below before the Hon. P. O. Beard, Judge.

Appeal from a conviction for possessing intoxicating liquor for the purpose of sale, penalty two years in the penitentiary.

The opinion states the case.

No brief filed for appellant.

*Sam D. Stinson,* State's Attorney, and *Robert M. Lyles,* Assistant State's Attorney, for the State.

MORROW, PRESIDING JUDGE.—The conviction is for the unlawful possession of intoxicating liquor; punishment fixed at confinement in the penitentiary for a period of two years.

From the state's evidence, officers, acting under a search warrant, searched the dwelling of the appellant and found therein a quantity of whiskey.

Bill No. 1 reflects the action of the court in declining to entertain the preliminary motion to suppress the testimony of Henderson, Gilstrap and Ezell upon the ground that the facts within their knowledge were obtained through the search of a private dwelling without a search warrant. The bill fails to show the evidence adduced or that the averments in the motion were ascertained by the trial court to be true; nor does it show what evidence the state expected from the witnesses named. In these particulars the bill is incomplete even if the procedure was proper. Upon the latter point, however, the rule prevailing in this state does not sanction the procedure attempted. If the averments in the bill were true, the appellant's rights would be fully protected by objection to the evidence when it was offered. See Foster v. State, 282 S. W. 600.

Bill No. 2 complains of the refusal of the court to read to the jury a special charge instructing them that in order to convict the accused it was essential that the state have evidence in addition to that showing that the appellant possessed a quantity of whiskey beyond a quart. In the main charge the court gave an instruction embracing the substance of the definition of "prima facie evidence" such as is contained in the case of Floeck v. State, 34 Tex. Crim. Rep., 314. Where the possession of intoxicating liquor in an amount beyond a quart is proved, a prima facie case of possession for the purpose of sale is made out. Such is the statute, Chapter 22, Acts of 38th Leg., Second Called Session. Such proof is sufficient to overcome the presumption of innocence and to support a verdict of guilty. See Newton v.

State, 267 S. W. 272; Stoneham v. State, 268 S. W. 156, and authorities collated.

Bill No. 3 complains of the refusal of a special charge upon the same subject as that covered in bill of exceptions No. 2.

Bill No. 4 complains of the refusal of a special charge explaining to the jury the effect of the term "prima facie evidence." The special charge is in substance embraced in the main charge. With reference to both bills Nos. 2 and 3, we will add that in neither is it shown that it was presented to the trial court before the argument began. See Arts. 658, 659 and 660; C. C. P., 1925; old code, Arts. 735, 737 and 737a, Vernon's Tex. Crim. Stat., Vol. 2, p. 525, note 63.

Finding no error in the record, the judgment is affirmed.

*Affirmed.*