## MILLER v. STATE.

### No. 21609.

Court of Criminal Appeals of Texas.

May 14, 1941.

Walter E. Gates, of San Saba, for appellant.

Spurgeon E. Bell, State's Atty., of Austin, for the State.

KRUEGER, Judge.

The conviction is for possessing intoxicating liquor in a dry area for the purpose

of sale. The punishment assessed is a fine of $200.

■ The record shows that on the 8th day of November, 1940, the Sheriff of San Saba County, armed with a search warrant and accompanied by other officers including agents of the Texas Liquor Control Board, went to the home of Eddie Miller for the purpose of making a search thereof for intoxicating liquor. As a result of the search they found five cases of whisky containing 240 half-pints, or 48 half-pints to the case. The whisky was found under the bank of a creek about twenty-five yards from the back door of appellant's dwelling; and there was a trail leading from the house to the place where the whisky was concealed. The sheriff testified that this whisky was found on appellant's premises. Appellant did not testify or offer any affirmative defense. It was agreed by defendant that San Saba County was a dry area. We deem the evidence sufficient to sustain the conviction.

■ By Bill of Exception No. 1 appellant complains of the court's action in declining to sustain his motion to quash the search warrant on the ground that the property and premises described in the warrant was not owned by appellant, nor was it in his possession or under his control. Appellant evidently followed the procedure in vogue in the Federal Courts. However, the procedure in our state courts is somewhat different. See Buchanan v. State, 107 Tex.Cr. R. 559, 298 S.W. 569; Raymond v. State, 106 Tex.Cr.R. 147, 291 S.W. 251.

Bills of Exception Nos. 2, 3 and 4 are without merit and we see no need to discuss them at length.

■ By Bill of Exception No. 5 appellant contends that he offered to prove that the premises upon which the whisky in question was found by the officers were not the property of appellant nor in his possession at the time of the search. This bill is qualified by the court, who states in his qualification that appellant did not offer to prove that the premises in question were not in his possession. Appellant accepted the bill as qualified; hence he is bound thereby. As qualified, the bill fails to reflect any error.

■ Bill of Exception No. 6 shows that Tom Warren was permitted to testify that the whisky in question was found on appellant's premises, to which appellant objected, no ground of objection being stated. If the witness knew that appellant was in possession of the premises where the whisky was

found, he had a right to so state. The evidence shows that appellant lived on said premises and had lived there for the past two years.

The judgment of the trial court is affirmed.

PER CURIAM.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.