JOE TERRAZAS DOMINGUEZ V. STATE

No. 27,248. January 5, 1955
Rehearing Denied February 23, 1955

*Thomas G. Thigpin* and *Cliff Tupper,* San Angelo, for appellant.

*Wesley Dice,* State's Attorney, Austin, for the state.

MORRISON, Presiding Judge.

The offense is murder under Article 802c, V.A.P.C.; the punishment, two and one-half years.

An automobile driven by the appellant collided with one driven by the deceased on the deceased's side of the road, which collision caused his death.

A specimen of appellant's blood was taken and sent to the chemical laboratory at the Texas Department of Public Safety at Austin, where it was analyzed and was shown to contain 2.3 milligrams of alcohol per cubic centimeter.

Chastain, chemist and toxicologist for the department, testified that such percentage of alcohol was indicative of intoxication according to standards recognized by the American Medical

Association, the National Safety Council and by his own department.

Appellant testified in his own behalf, admitted that he had gone to a dance the night before, had gotten "pretty tight," had drunk some beer earlier on the day in question, and had tried to buy some more, but denied that he was intoxicated at the time of the collision and stated that the collision was occasioned by a defective brake on his automobile. There were other witnesses who testified that they did not detect the odor of alcohol on the appellant's breath following the wreck.

The jury resolved the disputed issue of appellant's intoxication against him, and we find the evidence sufficient to support the conviction.

Before any testimony was adduced, the appellant moved the court to instruct the attorney prosecuting the case not to attempt to introduce any evidence pertaining to a blood test made upon a specimen of blood taken from the appellant on the ground that the state could not prove that the specimen was taken with the consent of the accused. This was in the form of a motion to suppress evidence, which is not a part of the procedure recognized in this jurisdiction. Raymond v. State, 106 Texas Cr. Rep. 147, 291 S.W. 251.

The proper time to have objected to such testimony was when the testimony as to the taking of the specimen or the results of the test were offered in evidence. We find that such evidence was admitted without objection.

Appellant testified and offered the evidence of a mechanic, who had recently repaired his automobile, that the left front wheel on his automobile had a tendency to lock. He requested the following charge:

"You are instructed that if you believe from the evidence that the collision in question was the result of or was caused by Defendant's losing control of his automobile due to the locking of the left front wheel thereon, regardless of whether or not he was intoxicated, you will find the defendant not guilty and so say by your verdict."

It is contended that this action on the part of the court deprived him of his only affirmative defense.

In McKinnon v. State, 159 Texas Cr. Rep. 65, 261 S.W. 2d 335, we said:

"Appellant timely excepted to the failure of the court to charge the jury that 'if the death of deceased was caused by the defective vision of the defendant,' he would not be guilty; and further excepted to the failure of the court to charge the jury that 'if the deceased's death was a result of a blurred or defective windshield upon defendant's car that defendant should be acquitted.'

"The conditions presented by one or both of such charges as to appellant's defective vision and the blurred windshield on his car, if found to be true, would not, in themselves, constitute an affirmative defense. If appellant was intoxicated and could have avoided the collision except for such intoxication, then the fact that his vision was defective or the windshield blurred would not constitute a defense though either or both may have caused the collision and resulting death."

We hold that the trial court ruled correctly in refusing the requested charge.

What we have said disposes of appellant's bill of exceptions which complains that he was not permitted to introduce into evidence a repair order made by Burtis Motor Company of Garden City, Kansas, dated August 18, 1953. He was permitted to testify fully about the repairs to his automobile made on that date and offered the evidence of a mechanic who had repaired the brake on his left front wheel a few days before the collision. We find no reversible error reflected by the action of the court.

We are next met with appellant's contention that reversible error is reflected by the refusal of the trial court to enforce the rule as to Jack Moore, the county attorney. Moore was subpoenaed for the state. The rule was invoked by the state. Before any testimony was heard the appellant moved that the rule be invoked as to Moore. This motion was overruled.

In Boatmeyer v. State, 31 Texas Cr. Rep. 473, 20 S.W. 1102, this court held that the rule did not apply to an assistant county attorney. The Boatmeyer case has been cited with approval in Johnican v. State, 48 S.W. 181, and Jackson v. State, 55 Texas Cr. Rep. 79, 115 S.W. 262. The record reflects that Mr. Moore actually participated in the examination of the witnesses, and

we do not think that either the state or the accused should be deprived of counsel by the operation of the rule.

We are indebted to appellant's counsel for their able brief.

Finding no reversible error, the judgment of the trial court is affirmed.

### ON APPELLANT'S MOTION FOR REHEARING

WOODLEY, Judge.

Appellant contends that his motion to suppress evidence as to the taking of a specimen of blood and the analysis thereof, which was incorporated in the statement of facts, clearly shows the matter about which complaint was being made and was sufficient as an objection.

If so, the fact remains that after the motion had been presented and the court had ruled, Dr. Bailey was called as a witness and testified to the taking of the specimen, and thereafter J. D. Chastain, chemist and toxicologist, testified to the analysis thereof, all without any objection being offered.

It has long been the rule that reversible error is not shown in the admission of evidence over proper objection where substantially the same testimony was admitted without objection. Many authorities to this effect are listed in Texas Digest under Criminal Law, Key No. 1169 (2) (a).

We remain convinced that the appeal was properly disposed of on original submission.

Appellant's motion for rehearing is overruled.