Rex Lee CARLILE, Appellant,

v.

The STATE of Texas, Appellee.

No. 42623.

Court of Criminal Appeals of Texas.

March 11, 1970.

Nathan O. Newman, II, Abilene (on appeal), for appellant.

Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

ONION, Judge.

The offense is driving while intoxicated; the punishment, three days in the county jail and a fine of $250.00.

This appeal presents the question of whether the court may place one of the accused's attorneys under the rule when it is learned that said attorney may appear as a witness for the accused, thus depriving the accused of the assistance of one of his counsel.

Prior to the commencement of the trial, in hearings conducted in the jury's absence, it was established that on the night of his arrest appellant had employed attorney James E. Robinson to represent him; that attorney Robinson had been paid a fee and was present to represent appellant at

the trial. Robert Chappell, an attorney, testified he had known the appellant "as a friend and had him as a client since I started practicing law" (in 1950). He related he had been employed to act as co-counsel in the case shortly after the appellant's arrest. He acknowledged he had not received a fee, but understood he was to receive his remuneration from attorney Robinson, both of whom had represented the appellant in the past. Chappell admitted he might be called as a witness for the appellant since he had seen and discussed "business" with the appellant shortly before appellant's arrest. Upon questioning by the court he acknowledged he, attorney Robinson and the appellant had discussed the ethical problem of his being a witness and an attorney and had concluded "there wouldn't be any breach of ethics."

The appellant testified that he had indeed employed attorney Chappell as well as attorney Robinson and wanted both to represent him in the trial of the case. He and attorney Chappell both acknowledged, however, that attorney Robinson was capable of handling the defense.

Thereafter, the court ordered attorney Chappell placed under the rule and excluded him from the court except for the time he appeared as a witness for the appellant.

Chappell's testimony was generally cumulative of several other defense witnesses who saw and observed the appellant and Chappell together a short time before appellant's arrest.

Article I, Section 10 of the Texas Constitution, Vernon's Ann.St. relating to the rights of an accused in criminal prosecutions provides in part:

"He shall not be compelled to give evidence against himself, *and shall have the right of being heard by himself or counsel, or both * * *.*" (emphasis supplied) See also Article 1.05, V.A.C.C.P.

The accused's right to be heard by himself, or by counsel or both is a right of which an accused can under no circumstances be deprived. See Anselin v. State, 72 Tex.Cr.R. 17, 160 S.W. 713.

Article 36.03, V.A.C.C.P., provides:

"At the request of either party, the witnesses on both sides may be sworn and placed in the custody of an officer and removed out of the courtroom to some place where they cannot hear the testimony as delivered by any other witness in the cause. This is termed placing witnesses under rule." [1] See also Article 36.04.

It is well established that the object to be attained by placing witnesses under the rule is to prevent one witness from being influenced by that of another. Blackwell v. State, 29 Tex.App. 194, 15 S.W. 597; Cook v. State, 30 Tex.App. 607, 18 S.W. 412; King v. State, 34 Tex.Cr.R. 228, 29 S. W. 1086; Welch v. State, 66 Tex.Cr.R. 525, 147 S.W. 572; Cooper v. State, 72 Tex.Cr. R. 250, 161 S.W. 1094. The history of the rule is traceable to the Bibical story of Susanna. See 56 Tex.Jur.2d, Trial, Sec. 48, p. 374.

"A wide discretion is confided in the trial judge with regard to the application and the extent of the application of the 'rule' to the witnesses, and the exercise of this discretion will not be revised on appeal except in clear cases of abuse." 1 Branch's Ann.P.C., 2nd ed., Sec. 365, p. 388.

The discretion, however, granted the trial judge by this statute is not an arbitrary discretion. Clary v. State, 68 Tex. Cr.R. 290, 150 S.W. 919.

Ordinarily, expert witnesses, witnesses who are attorneys in the case, and those called to testify to a witness' reputa-

---

1. This procedure is sometimes called the "strict rule" as normally witnesses under the rule are not placed in the custody of officers.

tion for truth and veracity, are exempt from the rule. Johnson v. State, 10 Tex. App. 571; Powell v. State, 13 Tex.App. 244; Spear v. State, 16 Tex.App. 98; Leache v. State, 22 Tex.App. 279, 3 S.W. 539; Roach v. State, 41 Tex. 261; Pounds v. State, 89 Tex.Cr.R. 273, 230 S.W. 683; Asher v. State, 102 Tex.Cr.R. 162, 277 S. W. 1099. See 1 Branch's Ann.P.C., 2nd ed., Secs. 366, 367, 368, pp. 390–391; 56 Tex.Jur.2d, Trial, Sec. 57, p. 388. See also Quarles v. State, Tex.Cr.App., 398 S.W. 2d 935; cf. Nixon v. State, 165 Tex.Cr.R. 602, 309 S.W.2d 454.

And it has been said the rule should not be enforced as to attorneys engaged in the particular case on trial. Boatmeyer v. State, 31 Tex.Cr.R. 473, 20 S.W. 1102.

Thus, in Jackson v. State, 55 Tex.Cr.R. 79, 115 S.W. 262, it is said:

" * * * Our Bill of Rights guarantees that, when the accused is placed upon his trial, he shall have the right to be heard by his counsel and himself, either or both. The defense of an accused by counsel is a very valuable right, and one which is guaranteed him by our Constitution and laws, and whenever the relation of client and attorney exists the accused has the guaranteed right of having counsel represent him at any, all, and every stage of his case while before the courts. 'Usually the legal discretion of a court, exercised during a trial in reference to the enforcement or relaxation of the "rule," will not be revised by the appellate court; but this is not always the case. The prime, as well as the ultimate, object of this statute is to secure a fair hearing of the testimony, and, when necessary to attain these objects and purposes, the rule should be relaxed. From the very nature of the matter there can be no fixed rule in such state of case, other than a due administration of the law. It is a practice alike familiar to the courts and the profession that this rule is relaxed in regard to attorneys of the court. Brown v. State, 3 Tex.App. 294, 295; Johnson v. State, 10 Tex.App.

571; Roach v. State, 41 Tex. 261, 262; Sherwood v. State, 42 Tex. 498. And we do not think it could be enforced as to attorneys engaged in the particular case on trial; for, if such were the rule, the state could thus be deprived of a prosecuting attorney, and the defendant of his counsel, and the rule be made paramount to the Code, defeat the very objects of its existence, and even infringe the Bill of Rights, wherein it is provided that the accused shall have the right to be heard by counsel, as well as by himself.' This quotation is from Boatmeyer's Case, 31 Tex.Cr.R. 473, 20 S.W. 1102. See, also, Johnican v. State (Tex.Cr.App.) 48 S.W. 181, and White's Ann.Code Cr.Proc. § 767, subd. 2, for collation of authorities. The fact that appellant may have been ably defended by other counsel does not abridge his right to have counsel of his own selection, and as many as he may see proper to employ, to defend him; nor can he be deprived of the advantage of his selected counsel by placing them under the rule as witnesses. If this rule should obtain, then the state could place counsel of accused under the rule as witnesses in behalf of the state, and deprive him of such counsel as he might see proper to select or employ."

In Dominguez v. State, 161 Tex.Cr.R. 124, 275 S.W.2d 677, this court said:

"We do not think that either the State or the accused should be deprived of counsel by the operation of the rule."

We, of course, are not unmindful of the State Bar Act, Rules Governing the State Bar of Texas, V.A.T.S., following Article 320a–1, V.A.C.S., Article XIII—Canons of Ethics, Section 3(16) which reads:

*"Appearance of Member as Witness For His Client*

"It shall be unethical for a member to accept a case when he knows that he will be a material witness, but a member may testify to any matter without being guilty of misconduct if the necessity therefor is occasioned during the trial of

the case." See Sutton "The Testifying Advocate" 41 Tex.L.Rev. 477; Canon 19, American Bar Association, Canons of Professional and Judicial Ethics.

After careful consideration, however, we are compelled to conclude that the state constitutional provision and the object it is designed to achieve overrides the wide discretion given to the trial judge by Article 36.03, supra, which also serves a noble purpose, even given the gloss of the canons of ethics.

Therefore this judgment must be reversed and cause remanded for the error of the trial judge in placing one of appellant's attorneys under "the rule."