22  241<br>
74   48<br>
74  304<br>
22  241<br>
79  359<br>
22  241<br>
82  457

## D. WILLIS v. J. G. GORDON, EX'R, ETC.

The District Court, having acquired jurisdiction of a cause originally cognizable before a justice of the peace, will retain it, to adjudicate all the matters in controversy, as presented by either party.

Judgments having been rendered before a justice of the peace, on notes improperly described as to dates, and without citation or legal notice to the defendant, and the same having been enjoined; it is not error in the District Court, to dissolve the injunction, as to all except costs before the justice; and to render a decree, upon the same cause of action, at the cost of the defendant in the District Court; unless the defendant have tendered the amount due before obtaining the injunction.

ERROR from Gonzales.   Tried below before the Hon. Fielding Jones.

This action was brought in the court below, by a petition for an injunction, to enjoin several judgments, obtained by defendant in error against plaintiff in error, before a justice of the peace, upon several promissory notes.  The grounds complained of were, that the plaintiff in error, who was defendant in the suits before the justice of the peace, by whom said judgments were rendered, was not legally served with citations, and had no notice of the pendency of the suits against him, until after the rendition of the judgments; and also, that neither the plaintiff in the Justice's Court, nor any other person, held notes against him, of the dates described in the proceedings before the justice of the peace.  The

injunction prayed for was granted. The defendant in error, in his answer to plaintiff's petition, admitted the rendition of the judgments before the justice of the peace, as charged, and averred, that the justice of the peace verbally notified the plaintiff, that the notes on which judgments had been rendered, were in his hands for collection; and that the plaintiff verbally waived the issuance of citation, admitted the notes were just, and acknowledged judgments. He also averred that the notes had been given to his testator; that they were just, and entirely unpaid; and further averred, that the true date of the notes was the 19th, instead, as appeared by the justice's proceedings, the 17th of October, 1855. A jury having been waived, and the cause submitted to the judge, the following decree was rendered:

"Wherefore, it is decreed by the court, 'that the injunction "be sustained as to the costs in the court below, and that the "[plaintiff recover of the defendant*] the sum of four hundred "and fifty-nine and $\frac{67}{100}$ dollars, principal and interest to judg-"ment, with legal interest till paid, and all costs of this court, "and that plaintiff pay the costs in the court below."

The errors assigned were—1st. The court erred in rendering judgment against Willis, plaintiff in petition for injunction, after sustaining the injunction. 2d. That the judgment of the court was contrary to law, and not supported by the prayer.

*H. S. Parker*, for plaintiff in error. The defendant in injunction admits, in substance, that judgments had been rendered without service, and upon notes dated 19th October, 1855, and the defendant in error suggests delay. It does not appear upon what ground the court sustained the injunction, as to costs. If upon the ground that there was no service, then the court erred in rendering judgment against the plaintiff in the injunction; for, if the Justice's Court had no jurisdiction

---

* It is presumed, the transposition of the names of the parties in the decree, arose from the fact, that it appeared so docketed in the record, at the term of trial.—REPORTERS.

Willis v. Gordon.

of the party, for want of service, the District Court could not assume jurisdiction, but would have to acquire it by service, as in other cases.   If the injunction was sustained, because of the variance between the dates of the notes sued on, and those on which judgment was rendered, then it was error to render judgment against Willis, plaintiff in error.   The defendant does not deny that the notes are dated 17th October, but asks judgment upon notes dated 19th October.   This is clearly an incurable variance, as there was no allegation to support it.   The answer was not sworn to, and hence the allegations in the petition must be taken as confessed.   (Hart. Dig. Art. 1597 ; Tex. Plead. Art. 505.)   The answer is evasive and inconsistent ; it admits plaintiff's equity, as to notes dated 17th October; and sets up a new cause of action, on notes dated 19th October.

*J. J. Thornton,* for defendant in error.   The defendant in error suggests delay, and asks affirmance of judgment, and damages.   The justice of the peace mis-described the date of the notes, and for this reason alone the injunction was granted. The plaintiff in error nowhere denies his indebtedness to the defendant.   The answer sets out the notes truly, alleges they are due and unpaid, and prays for relief generally.   When the court obtains jurisdiction, for a particular purpose, it will retain the cause, for the purpose of doing justice between the parties.

ROBERTS, J.   Plaintiff in error complains that, having sustained his injunction, as to the judgments in the Justice's Court, on account of the want of service of process, it was error in the District Court to render judgment on the notes set up in defendant's answer, as the notes upon which the justice's judgments were rendered.

The court acted correctly, on the principle well recognized in courts of equity, that having acquired jurisdiction of the cause, the full merits of the controversy, as presented by either party, would be adjudicated.   This was decided in a similar case at this term.   (Bourke v. Vanderlip's Ex'rs et al., *supra*, 221.)

The notes were fully set out in the answer, and alleged to be the notes upon which the judgments were rendered, thereby correcting the clerical mistake made by the justice in the date of the notes. And the cause being submitted to the judge, he did not err in concluding that they were the same notes, the only variance being, that the notes bore date on the 19th of October, 1855, which the justice mistook for the 17th.

Had the plaintiff tendered the money really due on the notes, before suing out his injunction, he would have been entitled to recover the costs of the District Court, as well as those of the Justice's Court. Not having done so, he has no right to complain that he was relieved only of the costs of the Justice's Court. Judgment affirmed, with damages.

Judgment affirmed.