## I. HEIDENHEIMER v. J. H. JOHNSON & CO. ET AL.

### No. 2734.

1. **Verdict.** — See verdict held sufficient to sustain a judgment for the several amounts, with interest from the respective dates and rates upon the several claims acted upon.

2. **Intervention.** — A creditor holding a junior attachment lien adjudged him in the County Court for a sum less than $500 may intervene in an attachment suit against same defendant and same property in the District Court, for the purpose of attacking and setting aside the proceedings in the District Court, and to subject the property to the claim of such intervenor. Peticolas v. Carpenter, 53 Texas, 23, adhered to.

3. **Interest as Part of Judgment.** — The verdict for the intervenors for the amount of their respective judgments also gave the date of rendition and rate of interest of each. *Held*, it was competent for the court to render judgment for the aggregate of each for principal and interest to date of the final judgment.

4. **Book Entries Against Interest.**—An entry in the books of a bank in due course of business, in handwriting of a bookkeeper of the bank, shown to be dead, against the interest of the bank, is competent testimony. The entry charged the bank with a deposit of money.

5. **Collusive Attachment.**— See testimony held sufficient to support a verdict finding fraudulent collusion between the plaintiff in attachment and the defendants in the attachment.

6. **Interest.**—The plaintiff in attachment withdrew from court funds realized upon sale of attached property after an adjudication adverse to intervenors seeking to subject the funds to their claims. By writ of error the intervenors obtained a reversal of the judgment against them. At the time the plaintiff obtained the money it was sufficient in amount to discharge the claims of the intervenors. On the new trial the intervenors were successful, and the money withdrawn was not equal to the amount with accumulated interest at the date of the judgment. *Held*, under such facts it was competent in the court to charge the plaintiff with interest from the time he obtained the funds.

APPEAL from Washington. Tried below before Hon. John Alexander, Special District Judge.

December 2, 1884, appellant I. Heidenheimer brought suit by attachment in the District Court of Washington County against Charles Wenar & Co. for the recovery of certain sums of money alleged to be owing to him by them, and caused a writ of attachment to be levied upon the stock of goods, wares, and merchandise belonging to Charles Wenar & Co., situated in their store in the city of Brenham.

The property attached was sold prior to judgment by order of the judge, made in chambers, and the net proceeds of the sale, to-wit, $13,-507.62, were paid into the registry of the court to abide the further order of the court.

The appellees intervened in said suit by leave of the court on the 6th day of March, 1885, as junior attaching creditors of the same property, attacking plaintiff's attachment as fraudulent and collusive, and his alleged indebtedness as fictitious and fraudulent, and asked that his attachment be set aside and postponed as to them, and that their claims upon

which judgment had been rendered with foreclosure of attachment lien, subject to the plaintiff's prior attachment, should be paid from the funds in the registry of the court.

March 7, 1885, the defendants Charles Wenar and David Rosenthal having failed to answer, an interlocutory judgment was rendered against them by default in favor of the plaintiff, with foreclosure of his attachment lien, etc., but the fund in the registry of the court was withheld until the further order of the court.

Afterwards, on March 21, 1885, the plaintiff's motion to dismiss the intervention and his exception to intervenors' petition came on to be heard, and were sustained, and the intervention was dismissed. Intervenors then and there excepted to the order of the court dismissing their intervention, and requested the court to make some order regarding the disposition of the money proceeds of the attached property in the registry of the court, offering to execute any bond that the court might require for its retention; but the court refused to make such order, and directed the money to be paid to the plaintiff at once, which was done on the same day.

Bassett & Bassett had also sued the said Charles Wenar & Co., and attached the same property attached by Heidenheimer and the intervenors, their attachment being next in order to Heidenheimer's and prior to those of the intervenors. Bassett & Bassett recovered judgment by default against Charles Wenar & Co., with foreclosure of their attachment, and with an order of the court directing that should any portion of the said sum of $13,507.62 remaining in the hands of the clerk be not applied to the payment of any judgment in favor of said Heidenheimer in his suit, then the same, or so much thereof as might be necessary, should be applied to the discharge of said Bassett & Bassett judgment.

The judgment of the District Court dismissing the intervention of the intervenors in this suit was carried by them to the Supreme Court for revision on writ or error, and the case there reversed on the ground that the intervenors ought to have been allowed, as subsequent attaching creditors, to assert their liens against Heidenheimer as first attaching creditor, and show, if they could, that this attachment was fraudulent and should be postponed to theirs.

The case was reversed by the Supreme Court, and after it had been remanded to the District Court for a new trial (the money having already been paid to the appellant by order of the District Court on March 21, 1885), the appellee filed, September, 1886, a supplemental petition showing the facts, and alleging that the judgment of Bassett & Bassett had been satisfied, and prayed judgment against appellant as in their first amended original petition in intervention, that his attachment be set aside and postponed as to theirs, and for judgment against him personally for their several debts against Charles Wenar & Co., with interest. Trial was

had by a jury, and there was a verdict and judgment, October 10, 1889, against Heidenheimer in favor of the intervenors, and for the several sums due them by Charles Wenar & Co., with interest. .

Motion for a new trial was made and overruled, and the plaintiff has appealed, and the case is now here for revision. This is from the brief of the appellees, and additional facts are in opinion.

*McLemore & Campbell,* for appellant. — 1. The verdict did not support the judgment rendered. [See opinion.] Claiborne v. Tanner, 18 Texas, 78, 79.

2. Entries in books of account are allowed to be read in evidence as an exception to the ordinary rules of evidence only where there is proof that the books have been properly and correctly kept as between the parties dealing together with respect to the transactions referred to in the books of account. In this instance the entries in the books of Bassett & Bassett, as to transactions between Bassett & Bassett and C. Wenar & Co., were allowed to be read as evidence, without any proof of the manner in which the books of account had been kept, and they were allowed to be read in evidence as against I. Heidenheimer, when he had no connection whatever with Bassett & Bassett or their books of account. This was error. Underwood v. Parrott, 2 Texas, 168.

3. It should not require aid from the decisions to show that entries in the books of strangers to the suit and controversy, unaided by the oath of the bookkeeper or any other person as to the truth of the matters stated or of any fact stated in the books, can not be used as evidence of the truth of such entries against persons who are in nowise connected with the books as kept, and much less where the books are not accredited by any evidence as to their correctness with reference to their keeping. Wills v. Fairbank, 5 Texas, 582.

4. The jurisdiction of the District Court over the subject matter of litigation was obtained and held through the claim of the intervenors that they were severally judgment creditors, with attachments foreclosed on the same property theretofore attached by Heidenheimer, some in the County Court of Washington County and others in the District Court of that county, all by different suits, and the proceeds of sale of the said property were in the District Court for distribution when the intervention was filed, the suit by intervention being for all the intervenors. This condition of things gave jurisdiction to the District Court of Washington County. And it is respectfully submitted that the only judgment that could be rendered by the District Court was one by which the status of the Heidenheimer claim as against the proceeds of the attached property in court would be determined. The claims of the intervenors as debts had already been merged in judgments, and if they had not been, there were several too small to be considered by the District Court as

claims against any one. If after the proceeds of sale had been turned over to Heidenheimer the District Court retained any jurisdiction, it could have been only to determine the one question, i. e., whether Heidenheimer's claim in attachment was fraudulent. And if such issue had been determined against Heidenheimer, the money being no longer in court, the utmost that could have been done by that court would have been to render a judgment against Heidenheimer, whereby he would have been commanded to place the money in the registry of the court for distribution, under penalty of alternative execution to enforce the order of the court. Certainly the court had no jurisdiction whereby to render judgment against Heidenheimer in favor of each intervenor for his or their original judgment with interest to date, and that new judgment to bear interest from its date, thereby compounding the interest on the original debt and merging the prior judgments into a new judgment in each case, as was done.

5. In no event could the intervenors recover from Heidenheimer more money than he held subject to their claims, and the amount adjudged to Bassett & Bassett was to be paid before any of the intervenors became entitled to any payment, because all the judgments show that Bassett & Bassett were entitled to be paid after Heidenheimer, and next certain of the intervenors.

*J. T. Swearingen* and *Beauregard Bryan,* for appellees.— 1. Although the verdict may not be responsive to the charge of the court, it is responsive to the issues made in the pleadings, so far as necessary to adjudicate the rights of the parties, and is therefore sufficient. Johnson v. Richardson, 52 Texas, 496. The addition of interest to the finding of the jury was a part of the application of the law to the verdict. Fisk v. Holden, 17 Texas, 414. A verdict may be aided by the pleadings. Jones v. Ford, 60 Texas, 130, 131; Pearce v. Bell, 21 Texas, 691; James v. Wilson, 7 Texas, 232.

2. The deposit ledger of Bassett & Bassett was not admitted as a book of account between merchant and customer to prove an asserted account, but it was offered to show an entry made to the credit of Charles Wenar & Co. in their account with a third party, for which purpose it was clearly admissible.

(1) The entry admitted in evidence was a part of the *res gestæ* in showing the disposition of the money received by Newbouer from the bank of Giddings & Giddings, which was the identical money received from the registry of the court, and as a contemporaneous circumstance to aid in tracing said proceeds from the registry of the court back to the original defendants, Charles Wenar & Co.

(2) It was an entry made against the interest of the party making it, for the credit to the account of Charles Wenar & Co. in the books of Bas-

sett & Bassett of the sum of $5200 was in effect to charge themselves with that amount.

(3) Jefferson Bassett was dead, and the clerk, George Robertson, in whose handwriting the entry was made, was also dead. These facts were accompanied by evidence of the identity of the book as the deposit ledger of Bassett & Bassett, and that it was accurately kept. 1 Greenl. Ev., 13 ed., secs. 115, 116, 120, 125; Wait on Fraud. Con., sec. 281; Rippetoe v. Dwyer, 72 Texas, 531.

3. The evidence, the admission of which is complained of, was relevant and competent, and was properly admitted as tending to show the return of the proceeds of the sale of said attached property to the defendants Charles Wenar & Co.

4. We insist: (1) That by the pleading and evidence the court had jurisdiction to render the very judgment which was rendered.

(2) Whenever a party obtains a wrongful advantage by reason of an erroneous judgment, which is afterwards reversed, he will be compelled to make restitution. And under the circumstances of this case the proceeds of the attached property, upon which the intervenors successfully established their liens as prior to plaintiff's and which had been wrongfully paid over to him, could be followed into the hands of the plaintiff and personal judgment recovered against him therefor in the same suit, because the proceeding was one *in rem* in which the property had been brought within the jurisdiction of the court, first by attachment and after by a sale and the payment of the proceeds thereof into the registry of the court.

(3) Judgment was properly rendered awarding to each party recovery for his individual claim, and for the amount, principal and interest, of such claim, with interest from date of judgment. Peticolas v. Carpenter, 53 Texas, 23.

5. It is submitted that there was no error in rendering judgment for the full amount due each intervenor, without reference to the claim of Bassett & Bassett, because—

(1) The full amount of Heidenheimer's judgment was paid to him from the registry of the court without objection on the part of Bassett & Bassett, and no such defense to the recovery in this case has been set up by the plaintiff in his pleadings.

(2) The verdict, in effect, finds that the claim of Bassett & Bassett was either satisfied or that there was enough of the proceeds in excess of it to satisfy the claims of intervenors.

(3) The error, if any, is immaterial and does not injure the plaintiff, because, as shown by the undisputed evidence in the case, the balance of the fund, after the satisfaction of the judgment in favor of Bassett & Bassett, was sufficient to discharge the debts of the intervenors.

GAINES, ASSOCIATE JUSTICE.—This case was before this court at a former term, and the decision is reported in 65 Texas, 263.   That report shows the nature of the litigation.   After the cause was remanded it came on for trial before a jury and resulted in a verdict and judgment for the intervenors.   From that judgment the plaintiff prosecutes this appeal.

The appellant's third and fourth assignments of error are presented together, and call in question the correctness of the judgment upon the following grounds:

"1.    Because there was no evidence outside of the verdict upon which the court should have acted in entering its judgment (as was done).

"2.    The verdict of the jury was not responsive to the charge of the court or to the issues submitted for their finding.

"3.    The District Court had no jurisdiction over the matter of the debts between the intervenors and Charles Wenar & Co. and I. Heidenheimer, because a large number of the claims against Charles Wenar & Co. were not within the jurisdiction (in the amounts) of the District Court of Washington County, and were evidenced by judgment for the same in the County Court of Washington County, and I. Heidenheimer was not a party to any suit wherein judgments were rendered in any court in favor of intervenors.

"4.    Because the verdict is in favor of the several intervenors for the several amounts found 'and interest,' whereas the judgment of the court is for entirely different sums, with interest from the date of the judgment as entered.

"5.    The verdict as rendered does not authorize the judgment on the theory or assumption by the court, based on a calculation on facts not found to be true or otherwise by the jury in their verdict.

"6.    The court should have refused to receive the verdict, because the findings were not sufficient to enable the court to enter judgment on the verdict without looking into the evidence of the case, as was done, in order to render the judgment as entered."

We understand these objections to be:   1. That the verdict is not sufficiently intelligible to authorize a judgment upon it.   2. That the verdict is not responsive to the charge of the court.   3. The court had no jurisdiction to render judgment for any claim the amount of which was less than $500, exclusive of interest.   4. That the judgment is not for the amounts found by the jury.

The court in its instructions gave the jury a form in which to return their verdict in the event they found in favor of intervenors, and the verdict returned into court is in a different form.   This is no objection to the judgment, provided it is responsive to the issues presented and its meaning is definite and clear.   The verdict of the jury is as follows:

"We the jury find for the intervenors and for the amounts as follows, respectively, as stated:

"J. H. Johnston & Co., 8 per cent, $1500, 8 per cent March 7, 1885.

"A. H. Motley & Co., $1118.86, 10 per cent March 7, 1885.

"Delgado & Co., $1522.92, 10 per cent March 7, 1885.

"Huber Wock Milling and L. S. Co., $482.84, 8 per cent February 4, 1885.

"Hartwell & Chambers, $924.34, 8 per cent February 4, 1885.

"F. X. Burton & Co., $809.08, 8 per cent February 4, 1885.

"D. H. Wilson & Co., $653.65, 8 per cent February 4, 1885.

"Stewart, Ralph & Co., $457.95, 8 per cent February 4, 1885.

"Brown Bros., $294.74, 8 per cent February 4, 1885.

"And against the plaintiff Isaac Heidenheimer for said sums and interest.

　　[Signed]　　　　　　　　　　"W. E. Watson, Foreman."

This verdict is sufficiently intelligible. It finds for each of intervenors against the plaintiff a specific sum, with interest from a certain date at a certain rate, and is, in effect, the same verdict as it would have been if it had been returned in the form submitted by the court. It is a clear finding, and is responsive to the issues presented. In regard to the question of jurisdiction, it is sufficient to say that that question was settled adversely to the contention of appellant in the case of Peticolas v. Carpenter, 53 Texas, 23.

The remaining objection to the judgment is that it is not for the amounts found by the verdict of the jury. This objection is not supported by the record. The intervenors pleaded and proved the amounts of their respective judgments against the defendants C. Wenar & Co., as well as the dates at which they were respectively rendered. The verdict is for the principal of each judgment with interest from the date of its rendition.

In the judgment in this suit the interest on the former judgments from the date of their rendition is added to the principal, and the whole is made to bear interest from the date of the judgment now appealed from. The verdict clearly warranted the judgments for the amounts as rendered, and we think it in accordance with the universal practice that the interest already accrued at the date of the latter judgment should be treated as principal, and be made to bear interest from that date.

After the former judgment in this case, and before the intervenors had sued out their writ of error, the plaintiff's attorney, in accordance with that judgment, received from the clerk of the court the fund in controversy. The money, less $1000, the attorney deposited in bank to plaintiff's credit. It was subsequently drawn out upon plaintiff's check. In order to show that a large part of the money was paid to the defendants C. Wenar & Co., and thereby to establish collusion between them and

plaintiff, the intervenors during the trial offered in evidence an entry in the books of the banking firm of Bassett & Bassett, which showed that on the same day that plaintiff drew the sum of $10,148.20 from the bank of Giddings & Giddings, the sum of $5200 was deposited in the bank of Bassett & Bassett to the credit of the defendants. The plaintiff objected to the introduction of the evidence, but the objection was overruled. There was no error in admitting the evidence. Some of the objections urged against the admission may have been proper, as applied to books of original entries when offered for the purpose of establishing an account between the parties to a suit.

The rules which apply to the introduction in evidence of books technically known as shop books do not apply to the entry under consideration. The principles applicable to the two kinds of evidence are wholly different. Shop books, consisting of entries in the interest of the party making them, are admitted under certain conditions, because of the necessity of the case. On the other hand, an entry made by one not connected with the litigation is admissible in evidence when the fact stated is against his interest and when the entry is offered after his death. "The principle to be drawn from the cases is, that if a person have peculiar means of knowing a fact, and make a declaration of that fact, which is against his interest, it is clearly evidence after his death if he could have been examined to it in his lifetime." Higham v. Ridgway, 10 East., 109; S. C., 2 Smith's Lead. Cases, 287, and notes.

In connection with the entry offered in this case, it was proved that the entry was in the handwriting of one Robertson, a bookkeeper for Bassett & Bassett, who was then dead; and also that Jefferson Bassett, of the firm of Bassett & Bassett, was also dead. It appeared in evidence that the other member of the firm was not dead, but no objection was made to the evidence upon that ground. It did not appear that he had any knowledge of the transaction, and if such objection had been urged it would probably have been shown that he took no part in the management of the business of the firm and knew nothing of its details. The effect of the entry was to charge the firm of Bassett & Bassett with the sum of $5200, and was clearly against their interest. The evidence was relevant, because it tended in connection with the other evidence to show that the plaintiff divided the very funds collected by him through the attachment in this case with the defendants in the suit.

Appellant also submits the following assignment of error: "The district judge erred in not setting aside the verdict as against the evidence, because, without the unwarranted inferences to be drawn from evidence as contained in the entries as read from the books of Bassett & Bassett, there was no evidence upon which the jury could have found a verdict against Heidenheimer under the allegations of the intervenors in their pleadings; the truth being that the only evidence in support of the verdict

was that these entries in Bassett & Bassett's books showed that Charles Wenar & Co. had received $5200 from Edward Newbouer, as the agent of I. Heidenheimer, through a deposit of that amount to the credit of Charles Wenar & Co. on the books of Bassett & Bassett, whereas the entries do not show that Edward Newbouer made any such deposit, either for himself or as agent for Heidenheimer, and no such inference should have been allowed to be indulged by the jury from the evidence before them."

We presume that the object of this assignment is to call in question the ruling of the court in refusing to set aside the verdict on the ground that it was not supported by the evidence.    The evidence bearing upon the matter of the entries upon the books of Bassett & Bassett was, in brief: The clerk after the former judgment paid to the attorney of plaintiff from the fund deposited in court as the proceeds of the sale under the plaintiff's attachment $11,148.20.    The attorney placed this sum, less $1000, to the credit of plaintiff in the bank of Giddings & Giddings. This occurred on the 21st of March, 1885.    On the 24th, about the close of banking hours, one Newbouer, a brother-in-law of plaintiff, presented the check of plaintiff and drew out of the bank of Giddings & Giddings the entire deposit.    He went with the money in the direction of the bank of Bassett & Bassett, but was not seen to enter.    A short while afterwards, however, the defendants were seen to enter that bank by the back door.    The entries in question show a deposit in Bassett & Bassett's bank on the same day to the credit of Wenar & Co. of $5200.    On the next day Bassett & Bassett sent plaintiff by express the sum of $4948.26.

The significance of the testimony is shown by the fact that the sum deposited to the credit of Wenar & Co. and the sum transmitted the next day to plaintiff amount in the aggregate to the sum drawn out by Newbouer upon plaintiff's check, lacking only 6 cents, which deficiency is perhaps attributable to some clerical error.    In the absence of some explanation, the mind can not resist the conclusion that Newbouer, acting under plaintiff's instructions, paid $5200 of the fund realized by the attachment to the defendants in the writ and caused the balance to be remitted to the plaintiff.    The plaintiff was within the call of the court when the case was tried and did not testify.    The circumstance of the amount of the deposit and the money sent to plaintiff making the amount of the fund realized by the judgment remained unexplained. There were other circumstances tending to show that plaintiff's attachment was the result of collusion between the plaintiff and the defendants, but they need not be detailed.    The evidence was sufficient to support the verdict.

Appellant's fifth assignment of error is as follows:

"The judgment of the court in favor of the several intervenors against I. Heidenheimer is based on the consideration that I. Heidenheimer

wrongfully received the amount of his judgment against Charles Wenar & Co. from the registry of the court; and the said judgment is erroneous, because there was no jurisdiction by the pleadings or evidence upon which the District Court could have rendered any judgment in favor of any particular intervenors for their claim in the suit as prosecuted, either against Charles Wenar & Co. or I. Heidenheimer; the jurisdiction of the District Court was based alone on the liens claimed against the funds or property attached in the District Court proceedings in favor of Heidenheimer against Charles Wenar & Co., wherein all of the said several intervenors were allowed to assert their liens in one petition as against the rights and claims of I. Heidenheimer as first attaching creditor, and not as creditors of Wenar & Co. or of Heidenheimer, for the purpose of recovery of their several judgments as herein allowed and had."

This assignment is not supported by the record. After the former judgment was reversed and the cause remanded the intervenors filed a supplemental petition in the court below alleging that the fund in court (the proceeds of the attachment) had been paid to plaintiff in pursuance of the erroneous judgment, and praying that they have judgments against him for the amount of their respective debts. Having wrongfully appropriated a fund to which intervenors were entitled for the satisfaction of their respective claims, and which was sufficient for that purpose, he became liable to them severally to the amount of their respective debts.

The attachments both of plaintiff and of Bassett & Bassett were levied before those of intervenors, and it was agreed between the parties that the validity of the writ of Bassett & Bassett should not be contested, and their right to the satisfaction of their debt from the fund in court should not be questioned. Appellant now complains that after deducting from the fund the amount of the judgment of Bassett & Bassett, there was not enough remaining to satisfy the judgments of intervenors. A calculation, however, shows that this is not correct. When the money was drawn out by plaintiff's attorney the fund in court was sufficient to have paid all the judgments except that of plaintiff, and to have left a small balance.

If the first judgment had been what the verdict upon the trial shows it should have been, the intervenors then would have recovered their demands from the fund in court. By virtue of the erroneous judgment first rendered, the plaintiff has possessed himself of the fund and has appropriated it to his own use. The judgment of this court and the subsequent judgment of the trial court have determined that this appropriation was wrongful. The only question to be determined, as it seems to us, is whether or not the plaintiff was chargeable with interest upon the money he has received. If not, the fund is not sufficient to justify the judgment as rendered. If he had converted personal property belonging to another, or upon which another had a lien, the measure of damages for the wrong would have been the value of the property converted, with in-

terest thereon—limited, however, in case of a lien to the amount of the debt secured, together with its interest. Where money has been wrongfully taken instead of property, we see no reason why the same rule should not apply.

There is no error in the judgment, and it is affirmed.

*Affirmed.*

Delivered February 11, 1890.