HOUSTON RICE MILLING COMPANY v. J. W. HANKAMER ET AL.

Decided October 10, 1906.

#### 1.—Injunction—Jurisdiction—Entire Controversy.

When a court of equity has obtained jurisdiction of a cause by reason of injunction it will retain jurisdiction for the purpose of inquiring into and adjudicating all the points of the controversy; and this rule prevails regardless of the fact that the amount involved could not originally have been sued for in the court granting the injunction.

#### 2.—Same—Consolidation of Suits—Enjoining Judgments of Justice Court.

Where appellant was sued, with others, in the Justice Court by twenty-seven different parties in as many different suits; and where the questions of law and fact were practically the same in all said suits; and where all of said Justice Court plaintiffs claimed a lien upon the same property in appellant's possession; and where the judgments obtained in said suits were void for the want of jurisdiction in the Justice Court, the District Court having obtained jurisdiction of said causes by enjoining the further prosecution of said suits and the collection of said judgments, should have retained jurisdiction for the trial of said causes upon the merits and the adjustment of the equities of the parties. The fact that the suits could not be consolidated under the statute was immaterial; having been consolidated by the injunction they should have been tried in that condition.

Appeal from the District Court of Chambers County. Tried below before Hon. L. B. Hightower.

*Marshall & Marshall* and *J. R. Davis,* for appellant.—Where the court takes jurisdiction of an injunction suit to enjoin judgment for any purpose, it should take jurisdiction for all purposes and render such judgment as should have been rendered. Masterson v. Ashcom, 54 Texas, 329; Hale v. McComas, 59 Texas, 486; Pardue v. James, 74 Texas, 304; Willis v. Gordon, 22 Texas, 241; Witt v. Miller, 25 Texas Sup., 386.

Injunction will be granted when there is no adequate remedy at law. Sumner v. Crawford, 91 Texas, 129.

Injunction will lie when it appears that the party applying therefor is entitled to the relief demanded. Rev. Stats., art. 2989.

District Court will issue injunction to enforce its own jurisdiction. Rev. Stats., art. 1107.

In addition to the ground for injunction, as set forth in the foregoing proposition, another reason and ground existed, in that each of the twenty-seven cases in the Justice Court depend upon the same questions of law and fact, and therefore injunction will lie to restrain a multiplicity of suits. Galveston, H. & S. A. Ry. Co. v. Dowe, 70 Texas, 10; Paddock v. Jackson, 16 Texas Civ. App., 659; Pomeroy's Equity, secs. 222, 911.

The judgments rendered by the Justice Court are void, because court was held and cases tried at another and different place than that prescribed by the Commissioners' Court for holding said court. Const., art. 5, sec. 19; Rev. Stats., art. 1537; Koehler v. Earl, 77 Texas, 188.

*Stevens & Pickett,* for appellees.—If an injunction is granted against the judgment of a lower court and on hearing in term time that injunction is perpetuated, the District Court could, if the defendant in the injunction (plaintiff in the lower court) desired and asked that it be

done, enter into and hear the whole case on the merits of the original controversy and grant the defendant in the injunction such relief as he might show himself entitled to, and if on such hearing in term time the injunction is dissolved because of want of equity in the application therefor, and the plaintiff declines to amend, then the cause is dismissed or judgment entered on demurrer. O'Neal v. Wills Point Bank, 64 Texas, 646; Hale v. McComas, 59 Texas, 486; Love v. Powell, 67 Texas, 16.

It was held by the following cases that even if separate suits are capable of being consolidated, a consolidation should not be granted where the amounts when consolidated defeat the court's jurisdiction. Mohrhardt v. S. P. & T. N. Ry. Co., 2 Texas App. Civ. Cases, sec. 322; Texas & Pac. Ry. Co. v. Hays, 2 Texas App. Civ. Cases, p. 341; St. Louis, I. M. & S. Ry. Co. v. Edwards, 3 Texas App. Civ. Cases, p. 416.

It is not within the power of one court to consolidate causes pending in another court. Galveston, H. & S. A. Ry. Co. v. Ware, 2 Texas App. Civ. Cases, sec. 357.

Even if there had been rice of a value within the jurisdiction of the District Court subject to a lien of each appellee, that would not have authorized the District Court to interfere with the prosecution of the suits in the District Court; first, because that was a matter in which appellant was not concerned; as to how their different liens should be protected was for the appellees to look after; and second, our courts hold that in the foreclosure of a labor lien the amount of the debt sued for and not the value of the property governs the jurisdiction. See Allen v. Glover, 65 S. W. Rep., 379; Texas & S. L. Ry. v. Allen, 1 Texas App. Civ. Cases, sec. 568.

FLY, ASSOCIATE JUSTICE,—Appellant applied for a writ of injunction to restrain the collection of judgments obtained by twenty-five persons against it in a Justice's Court of Chambers County, each one based on a separate claim. It was alleged that Lee Barrow, Clarence Barrow, John M. Barrow and Eliza J. Barrow were sued with appellant, they having employed each of the plaintiffs to do certain work in and about certain rice, appellant being sought to be held liable on the ground that it had converted the rice with full knowledge that each of them had a laborer's lien on it. Appellant denied the existence of the lien and proceeded as follows: "Now plaintiff says that by reason of the facts set forth herein in paragraphs No. 1, 2, 3, and 4, showing the nature of the claim asserted by the defendants who have filed said suits in said Justice Court, and because the claims in each of said cases are the same and growing out of the same alleged acts of this plaintiff and defendants John M., Lee and Clarence Barrow and because the evidence, facts and testimony to establish or to attempt to establish any one case, except as to the amount of the sum due each, is the same in each and all of the said cases, that the rights and claims of the said defendants who have sued plaintiff depend on the same question of law and fact. And further plaintiff says that because each of said defendants is attempting to establish a laborer's lien on the same crop of rice and is attempting to subject the said crop of rice to the alleged laborer's lien, that all of said defendants have a common or community of right and alleged interest

in the subject matter of this litigation insofar as the laborer's lien contention is asserted. Plaintiff further says that because of the facts set forth in paragraphs 1, 2, 3 and 4 herein, that this plaintiff has the same defense to each of said suits in said Justice Court and a common defense to all of them. Plaintiff further shows the court that said cases pending in the said Justice Court can not be consolidated in said court for the reason that the aggregate amount of said suits is without the jurisdiction of said court, to wit, the sum of $654.75. Plaintiff further says that the said Justice Court, because all of the suits therein pending are separate and distinct and because the various plaintiffs therein are not parties to each suit and all suits, can not adjust and arrange priorities of liens, if liens are established, among the various plaintiffs therein, defendants herein; that because said priorities can not be adjusted by said Justice Court, that this plaintiff, if found liable on the lien feature of said suits, would be unable to protect itself even when the subject matter of the lien is exhausted, because by virtue of the justice judgment against this plaintiff each of said defendants would have a lien of equal rank with all others and on which plaintiff would be liable on all. Plaintiff further says that while some of said cases insofar as amounts sued for are concerned can be appealed to the County Court, that said appeals would be ineffective to adjust priorities among said parties and to protect plaintiff thereunder.

"Wherefore plaintiff says he has no adequate remedy at law to protect its rights in said Justice Court.

"Plaintiff further shows the court that while the various plaintiffs in said Justice Court (defendants herein) have cases depending upon the same questions of law and fact and have a community of interest and right in the subject matter thereof, to wit, the alleged lien on said crop of rice, and while plaintiff has a common defense to all of said suits, yet because each of said defendants have filed a separate suit this plaintiff will have to make twenty-six different defenses and if cast in the cases will incur the costs of twenty-six cases. Wherefore this plaintiff says that it is entitled to have the further prosecution of said case enjoined in said Justice Court and all of same tried in one action in this court in order to protect plaintiff from a multiplicity of suits and vexations and unnecessary litigation, expenses and costs." Grounds were set up as to the nullity of the judgments which were admitted by appellees to be well taken and the court enjoined the execution of the judgment, but refused to try the question as to whether appellant was liable for conversion of the rice.

We will not inquire into the correctness of the judgment enjoining the collection of the judgments rendered by the Justice's Court on the ground of their nullity, because appellees seem to be perfectly satisfied with it, and the only question presented is that of the correctness of the action of the court in refusing to try the question of appellant's liability on account of its conversion of the property on which each of the different plaintiffs in the Justice's Court claimed a laborer's lien.

It is a well established rule of equity, adopted by the courts of Texas, that when a court has obtained jurisdiction of a cause by reason of injunction it is authorized to retain that jurisdiction for the purpose of inquiring into and adjudicating all points of controversy. (Edrington

v. Allsbrooks, 21 Texas, 186; Bourke v. Vanderlip, 22 Texas, 221; Willis
v. Gordon, 22 Texas, 241; Witt v. Miller, 25 Texas Supp., 384; Trevino
v. Stillman, 48 Texas, 561; Masterson v. Ashcom, 54 Texas, 324; Hale
v. McComas, 59 Texas, 484; Chambers v. Cannon, 62 Texas, 293; Stein
v. Frieberg, 64 Texas, 271; Seymour v. Hill, 67 Texas, 385; Pardue v.
James, 74 Texas, 304; Carter v. Hubbard, 79 Texas, 356; Ablowich v.
Greenville Nat. Bank, 95 Texas, 429.)    This rule prevails regardless of
the fact that the amount involved could not originally have been sued
for in the court granting the injunction.

In this case the judgments of a number of plaintiffs in the Justice's
Court have been held void, for reasons admitted by such plaintiffs to be
valid, and no reason is offered as to why the District Court having ob-
tained jurisdiction of the cases for purposes of injunction should not
proceed to adjudicate all matters of controversy between the parties.
It is useless to contend that the causes could not be consolidated, under
the statute, because having been consolidated for the purpose of in-
junction, they are in a consolidated condition in the District Court, and
having them there in that condition they should be tried on their merits.

The pleadings clearly set out that each and all of the parties, who were
plaintiffs in the Justice's Court, claim a lien on rice which has been
appropriated by appellant, and in connection with that lien there is a
community of interest among the appellees, that would entitle appellant
to a consolidation on that point, if nothing more. Upon the question of
the lien on the rice hangs the responsibility and liability of appellant,
and that runs like a thread through the warp and woof of the different
cases. Appellant has brought all of the parties into court, and properly
so, on the question of injunction, and having enjoined the judgments it
has the right to demand that every issue in the case be determined. The
effect doubtless is to give appellant an advantage that it could not have
obtained on an appeal, but that may be true in case of the enjoining of
any judgment of the Justice's Court. The jurisdiction of the Justice's
Court would have never been ousted had not the plaintiffs admittedly
placed themselves in such position as to have their cases haled into
another court by having void judgments rendered against appellant. It is
not apparent that they will be placed at any disadvantage by having their
cases tried in the District Court. The District Court having acquired
jurisdiction of the cause for purposes of the injunction can and should
proceed to do full equity between the parties, and should hear and de-
termine the whole case. (Pardue v. James, above cited.)

The part of the judgment of the District Court enjoining the judg-
ments of the Justice's Court will be affirmed, but that portion denying
a trial on the merits of the cases will be reversed and the cause remanded
to be tried on all the issues between all the parties.

*Affirmed in part and reversed in part.*

Writ of error dismissed.