### HANNAH v. RUSS.   (No. 10008.)

(Court of Civil Appeals of Texas. Fort Worth. Dec. 10, 1921. Rehearing Denied Feb. 4, 1922.)

1. Injunction ⟨⟩161—Dismissal on verified answer denying material allegations of petition is in discretion of court.

Though a verified answer to a petition for an injunction, denying its material allegations, authorizes a dissolution of the writ, whether the writ shall be dissolved is within the sound discretion of the court.

2. Injunction ⟨⟩118(1)—Petition must negative inferences from facts stated which would preclude relief.

The allegations of the plaintiff in his petition for an injunction are to be taken most strongly against him, and the elements essential to entitle him to relief should be sufficiently certain to negative every reasonable inference from the facts stated which would preclude the relief sought.

─────────

⟨⟩For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

**3. Equity ⊜39(1) — Where equity acquired jurisdiction by petition and answer, it has jurisdiction to settle a case on its merits.**

Where a petition for an injunction, together with the answer of the defendant, presented material issues involved in a controversy between the parties of a claim for the payment of money, the court, having acquired jurisdiction, was ·entitled to settle the merits of the controversy.

**4. Injunction ⊜144—Petition held insufficient to support granting of injunction.**

In a petition to the district court of M. county for an injunction to ·prevent an action to collect an account before a justice of the peace in T. county, allegations that a previous suit in M. county to enjoin the collection of the account was still pending, without setting out the copy of the original petition for the injunction or the answer thereto and copies of orders of the court showing that the suit is pending, are insufficient to authorize granting an injunction.

Appeal from District Court, Montague County; C. R. Pearman, Judge.

Suit by R. J. Russ against W. W. Hannah. From an order overruling defendant's motion to dissolve a temporary writ of injunction, defendant appeals. Judgment reversed, and writ of injunction vacated.

J. L. Rudy, of Bowie, for appellant.
Benson & Benson, of Bowie, for appellee.

CONNER, C. J. This is an appeal from an order of the court in vacation overruling appellant's motion to dissolve a temporary writ of injunction theretofore issued upon a duly verified petition of the appellee, Russ. The petition, which constitutes the basis of the writ is styled, R. J. Russ v. W. W. Hannah, and was filed in the district court of Montague county in vacation on September 20, 1921, and reads as follows:

"Now comes R. J. Russ, plaintiff in the above styled and numbered cause, and respectfully shows to the court:

"(1) That this is a cause of action which has been pending in the district court of Montague county, ·Tex., since January, 1919, and which was a cause of action originally instituted by this plaintiff against the defendant, W. W. Hannah, and others, wherein this said plaintiff was seeking to, and did, procure a writ of injunction to restrain the said W. W. Hannah from enforcing and collecting a certain alleged claim filed with the justice of the peace of precinct No. 1, Titus county, Tex., wherein the said W. W. Hannah was claiming an indebtedness of a certain sum of money alleged to be due for two certain shipments of fruit trees alleged to have been purchased from the said W. W. Hannah by this plaintiff; that said alleged shipments of fruit trees were alleged by the said W. W. Hannah to have been evidenced by certain contracts dated March 23, 1917, and May 17, 1917, and which two said contracts and

the alleged claim therefor amount to the sum of $16.20.

"(2) That this said court did, upon said application so made by this said plaintiff, issue an injunction and did restrain the said W. W. Hannah from further prosecuting or attempting to prosecute the collection of his said claims, and did upon the pleadings of said parties respectively take and assume full jurisdiction and control over the subject-matter of said controversy so existing between said parties concerning the said transaction for the purpose of finally adjudicating all of the issues existing between said parties concerning such transaction, and said cause of action is now pending under the above styled and numbered case on the docket of the district court of Montague county, Tex., in, which condition the same is awaiting the final order, decree, and judgment of this honorable district court.

"(3) Notwithstanding the fact that this honorable court has, and has for some time exercised, full power and jurisdiction over the said parties and the subject-matter thereof, the said W. W. Hannah did on the 23d day of July, 1921, cause said claim to be filed with Sam Porter, justice of the peace of precinct No. 1, Titus county, Tex., and caused citation to be issued out of said justice court, and heretofore served on this said plaintiff, with the intention and for the purpose of fraudulently collecting said sum of money alleged by the said W. W. Hannah to be due him by this said plaintiff in said transaction and cause of action so pending in the district court, which said actions and conduct on the part of the said W. W. Hannah, if not restrained, will defeat the jurisdiction of this said court to finally try and dispose of said issues, and will deprive this said court of any right to enter up judgment therein, and will thereby encroach upon the jurisdiction of this said court, and will cause the orders, judgment, and decrees of said court to be ineffective and of no force, and will defeat this plaintiff in a good and valuable right so possessed by this said plaintiff.

"(4) This said plaintiff further shows to the court that the jurisdiction of this said court was invoked by the pleadings of the parties, which are on file herein, and by· reason of which the jurisdiction of this court has attached and this said court has full jurisdiction and control over the subject-matter of such controversy until final judgment and decree is finally entered disposing of same.

"Wherefore, premises considered, plaintiff · prays the court that the defendant, W. W. Hannah, be enjoined from making further attempt to collect or enforce said claim by reason of such suit so filed in the justice court of precinct No. 1, Titus county, Tex., and which is numbered 6404, and from doing any further acts toward the collection, adjudgment, and settlement of said controversy and difference so existing between these said parties, which is hereinabove described, save and except the assertion of his claim, through the district court in this cause, and that said order of this court issue at once restraining the said W. W. Hannah from doing any further acts toward attempting to assert or enforce such claim against this said plaintiff and for such order herein as may be right and proper."

⊜For other cases see same topic and KEY-NᵁMBER in all Key-Numbered Digests and Indexes

The motion to dissolve was duly verified by appellant, and contained, among other things not thought necessary to specify, special exceptions to the sufficiency of the petition, a general denial of the allegations, and specially denied that the suit referred to in the petition was pending, it being alleged, in substance, that it had theretofore been dismissed in the district court of Montague county, exhibiting a copy of an entry upon the district court docket so showing.

[1, 2] While a verified answer to a petition for injunction denying its material allegations will authorize a dissolution of the writ, yet it is not necessarily so in our practice. Whether, under such circumstances, the writ shall be dissolved is at last within the sound discretion of the court. See Lone Star Lodge Knights & Ladies of Honor v. Cole, 62 Tex. Civ. App. 500, 131 S. W. 1180; Harris v. Thomas (Tex. Civ. App.) 217 S. W. 1068; Moorman v. Small (Tex. Civ. App.) 220 S. W. 127; Phœbus v. Connellee (Tex. Civ. App.) 223 S. W. 1019. But, while this is true, the petition for the writ must be sufficient to authorize its issuance. And in injunction suits the rule that the allegations of the plaintiff in his petition are to be taken most strongly against him is given additional force by the further requirement that the elements essential to entitle plaintiff to relief shall be sufficiently certain to negative every reasonable inference from the facts stated which would preclude the relief sought. See Kell Milling Co. v. Bank (Tex. Civ. App.) 168 S. W. 46; Emde v. Johnson (Tex. Civ. App.) 214 S. W. 575, writ refused.

[3] Tested by the rules indicated, we think the petition quoted, particularly in view of appellant's answer, is insufficient to support the issuance of the temporary injunction issued in this case. It is alleged, in effect, that the action originated in the district court of Montague county in January, 1919, by an application of the appellee for a writ of injunction to restrain appellant from enforcing the collection of a claim filed in the justice court of Titus county, amounting to the sum of $16.20, and that such suit is yet pending. If the petition for injunction then filed, together with the answer of the appellant, W. W. Hannah, presented the material issues involved in the controversy between appellant and appellee over the claim of $16.20, then the district court, having thus acquired jurisdiction, would be empowered to settle the merits of the controversy. Houston Rice Milling Co. v. Hankamer, 43 Tex. Civ. App. 576, 97 S. W. 119; Spiller v. Hollinger (Tex. Civ. App.) 148 S. W. 338.

[4] But the petition in the case before us fails to set out either the petition for injunction, filed in 1919, or the answer thereto, if any, so that this court can determine whether or not the issues were so presented by the pleadings as to confer upon the district court of Montague county jurisdiction over the subject-matter to the exclusion of the jurisdiction of the justice court of Titus county. Nor is there any order, or orders, of the district court of Montague county exhibited from which it could be determined whether the suit, as originated in 1919, was still pending. The allegation, or the conclusion, as it should be termed, that it is still pending should, we think, be supported by proper copies of the order of the court showing its continuance from time to time until the filing of the present petition, thus negativing an inference that it was dismissed or otherwise disposed of.

Pretermitting further discussion, we conclude that, as here presented, the petition is wholly insufficient to authorize the relief sought, and that the district court erred in refusing to dissolve the writ which is now here vacated.

Judgment reversed, and writ of injunction vacated.