**DODSON et al. v. MONTES et al.   (No. 1788.)**

(Court of Civil Appeals of Texas.   El Paso. Oct. 15, 1925.   Rehearing Denied Nov. 5, 1925.)

**1. Courts ⬅169(1)—County court has jurisdiction to pass on claims raised in case of which it had jurisdiction.**

Where county court had jurisdiction of suits started therein, it was competent for it to pass upon conflicting claims asserted by adverse parties and determine priority, notwithstanding claims were of sums in excess of its jurisdiction.

**2. Pleading ⬅166—Law implies denial where prior assignment is set up as defense to action on assignment.**

Where in action to recover on assignment defense of prior assignment was set up, law implies denial by plaintiff, and issue was joined in view of Rev. St. 1911, art. 1829.

Appeal from El Paso County Court, at Law; J. M. Deaver, Judge.

Consolidated suits by E. T. Montes and others against S. J. Dodson and others. From a judgment for plaintiffs, defendants appeal. Affirmed.

Goggin, Hunter & Brown and S. J. Dodson, all of El Paso, for appellants.

Julian P. Harrison and Croom, Goldstein & Croom, all of El Paso, for appellees.

HIGGINS, J.   Appellee Montes brought suit in the county court at law of El Paso county against Jean F. De Villar, S. J. Dodson, Mrs. W. C. Schneider, and her husband. He declared upon three promissory notes in his favor for $70 each, executed by De Villar, and further set up that De Villar owned a half interest in a certain cause of action for damages which Dodson had been employed to prosecute upon a 50 per cent. basis as compensation for his services. The claim had

been settled for $2,500, and Dodson then had in his possession $625 of said money belonging to De Villar, subject to an assignment of $215 of such sum in plaintiff's favor. That the Schneiders were claiming said cause of action and fund under an alleged fictitious and colorable assignment from De Villar to Mrs. Schneider. Montes asked judgment against De Villar upon the notes; against Dodson for $215 upon the assignment to be applied to the payment of the judgment against De Villar; that the claim of Mrs. Schneider be adjudged inferior to the plaintiffs' assignment.

Appellee Rosing filed suit in the same court against Dodson for $415, setting up an assignment by De Villar of the $625 subject to the Montes assignment. By agreement the two cases were consolidated and tried as one.

The pleadings of Dodson and the Schneiders need not be stated further than to say they set up an alleged assignment to Mrs. Schneider of the fund in Dodson's hands by De Villar and W. H. Smith antedating the assignments to Montes and Rosing. Upon the trial evidence was adduced in behalf of Dodson and the Schneiders that, prior to the assignments to Montes and Rosing, De Villar orally assigned to Mrs. Schneider his interest in the cause of action and fund in controversy. De Villar in his testimony denied making such assignment. The only issue submitted was whether such assignment was made to Mrs. Schneider. This was answered in the negative and judgment rendered accordingly, from which Dodson and the Schneiders prosecute this appeal.

The claim for damages was for an amount in excess of $2,500, was owned by De Villar and W. H. Smith as equal joint owners, and Mr. Dodson had a one-half interest therein as his attorney's fee. As heretofore stated it was compromised and settled for $2,500, paid to Dodson.

It is asserted the suit involved the validity of the assignment claimed by Mrs. Schneider from De Villar and Smith, which involved more than $1,000, wherefore the county court was without jurisdiction. The suit of Montes against De Villar was upon notes amounting to $210 and against Dodson upon an assignment of $215 to secure the notes.

[1] The suit of Rosing against Dodson was for $415 based upon an assignment of that amount. The county court at law certainly had jurisdiction of these two suits. This being the case, it was competent for the county court to pass upon the conflicting claims of the parties under the assignments asserted by them and determine the priority of right. Eckford v. Knox, 67 Tex. 200, 2 S. W. 372; Chambers & Thigpen v. Cannon, 62 Tex. 293; Peticolas v. Carpenter, 53 Tex. 23; Heidenheimer v. Johnson & Co., 76 Tex. 200, 13 S. W. 46; Willis v. Gordon, 22 Tex. 241; Mo., K. & T. R. Co. v. Bacon (Tex. Civ. App.) 80

---

⬅For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

S. W. 572; Beauchamp v. Parrish (Tex. Civ. App.) 148 S. W. 333.

The third proposition asserts that an instructed verdict should have been given in favor of appellants because the undisputed evidence shows that the assignments in favor of appellees were subsequent to that made to Mrs. Schneider. This is without merit in view of the fact that the evidence raised an issue as to the existence of any assignment whatever in favor of Mrs. Schneider.

[2] The fourth proposition is. that there was no pleading on the part of Rosing assailing or attacking the assignment claimed by Mrs. Schneider; hence there is no pleading to support a recovery by Rosing against Dodson and the Schneiders. Rosing did not sue the Schneiders, and the court rendered no judgment in his favor against them. Rosing sued Dodson, and the judgment in Rosing's favor was against Dodson only. Dodson and the Schneiders filed a joint answer to Rosing's suit, and in bar thereof set up the assignment claimed by Mrs. Schneider. To this defensive matter pleaded by Dodson the law implied a denial by Rosing (article 1829, R. S.), and the issue as between Rosing and Dodson was thus joined.

The fifth and sixth propositions are overruled, for the reason that there is no element of estoppel in favor of Mrs. Schneider which would preclude the appellees from contesting the issue of an assignment vel non in her favor.

With respect to the assignment questioning the sufficiency of the evidence to support the jury's finding, it is sufficient to say that De Villar's testimony supports the finding. The issue of fact raised by his testimony was for the determination of the jury, and this court, in the state of the evidence, would not be warranted in disturbing its finding.

The matter of newly discovered evidence presented by the seventh and eighth propositions, for various reasons, presents no ground for reversal.

Affirmed.