## MARTIN et al. v. KING. (No. 9390.)

Court of Civil Appeals of Texas. Galveston.
Dec. 19, 1929.

Leo J. Murphy, of Houston, for appellants.

LANE, J. Alfred Bradbury, an automobile mechanic, brought suit against W. L. King in a justice court of Harris county on the 23d day of February, 1929, to recover for services rendered King in repairing a certain automobile owned by King, and for a foreclosure of his mechanic's lien on the repaired automobile. On the 13th day of March, 1929, he recovered judgment against King for $26.25 as prayed for, and for foreclosure of his lien on the automobile. The judgment entered for Bradbury in the justice court described the automobile upon which the lien was foreclosed as follows: "A 1920 model six-cylinder Monitor touring automobile, license number for the year 1928, 280–967, engine No. 4030."

An order of sale and execution was duly issued upon the above-mentioned judgment and placed in the hands of R. J. Martin, constable, directing him to seize and sell the automobile upon which the foreclosed lien was entered to satisfy such judgment; whereupon R. J. Martin, acting under such order of sale, seized an automobile, the property of King, claimed by him and Bradbury to be the same repaired by Bradbury, with a view of selling it to satisfy Bradbury's judgment against King.

Thereafter, and before any sale took place, King filed his petition in the district court of Harris county, Texas, praying for an injunction to perpetually restrain Martin and Bradbury from selling the automobile seized by Martin, basing his prayer upon allegations that Martin had seized and was threatening to sell an automobile owned by him, which was a 1919 model Monitor touring car, the engine number of which was 5034 and its license No. 531–097, and that he had advertised the sale of the car seized as being one Monitor touring automobile, motor No. 4910, serial No. 1167R, license No. 531–097; that the description made of the automobile in the judgment rendered in favor of Bradbury is not a proper description of the one seized by Martin, and that the one advertised for sale, according to the notice of sale, is an entirely different automobile from the one described in the judgment and the one levied upon by Martin. He alleged that he does own a 1919 model Monitor touring car, engine No. 5034, which was not described in plaintiff's petition filed in said justice's court suit, nor in the judgment rendered in such suit, nor in the notice of sale by Martin, and therefore Martin had no right or authority to levy said order of sale upon his automobile.

Answering the plaintiff's petition, R. J. Martin alleged substantially that, while it is true that he levied on the automobile described by the plaintiff in his petition and that it was not described as it was in the suit in the justice's court and the judgment rendered in such suit, it was in fact the same car repaired by Bradbury and upon which the foreclosure was had in said justice's court.

Defendant Bradbury alleged substantially that the automobile which he repaired for King was described in his suit in the justice's court and in the judgment rendered thereon as "a six-cylinder Monitor touring automobile, license No. for the year 1928, 480–967, valued at $75, above described, and upon which he claimed a mechanic's lien, and that the automobile in the above referred to suit in the justice court and the automobile which R. J. Martin, constable, defendant herein, seized under the order of the said justice court, and the automobile described by W. L. King, plaintiff, and for which he is seeking an injunction to restrain the defendants herein from selling, under the order of the said justice court, is one and the same identical Monitor six-cylinder automobile, and is the one and the same identical Monitor six-cylinder automobile in controversy in this suit."

The trial court heard no evidence other than the pleadings of the several parties, and, because of the variance in the several descriptions of the automobile or automobiles involved, the court ruled that the plaintiff was entitled to the injunction prayed for, and a decree was accordingly rendered and entered, perpetually enjoining the defendants from selling the automobile levied upon under the order of sale. Both defendants have appealed and are insisting that the district judge erred in granting the injunction.

We feel constrained to sustain the contention of the appellants. The contention of the appellee, King, which seems to be the sole basis for the judgment of the court, is that,

748

though it be a fact that the car actually levied upon was the car repaired by Bradbury, upon which he had a mechanic's lien, he was entitled to invoke the equitable remedy of injunction to prevent a sale of the car, because it was not properly described, but misdescribed in the judgment and order of sale, etc.

Appellee does not, in his petition for injunction or elsewhere, deny the automobile repaired by Bradbury and the one seized under the order of sale by Martin was one and the same. He does not deny that Bradbury in fact repaired the very automobile seized by Martin, and that Bradbury in fact had a lien thereon; but he does contend that he was entitled to the equitable relief of injunction, because the car, though actually repaired by Bradbury and upon which he had a mechanic's lien, was not properly described in the suit, the judgment, and order of sale.

We cannot support such contention. By seeking relief by injunction, appellee, King, invoked the equity powers of the court, and the court was not only clothed with authority to inquire into the equities of the parties, but it was his duty so to do, and to retain jurisdiction of the whole controversy, to hear evidence as to the true status of the parties, and to render such judgment as the several parties are entitled to under the rules of equity proceedings.

"Where a defendant in a judgment obtains an injunction restraining its execution on the ground that the judgment is void, the court will retain jurisdiction and render judgment on the original cause of action, if the plaintiff in execution is legally entitled to it on the merits. Witt v. Kaufman, 25 Tex. Supp. 384; Willis v. Gordon, 22 Tex. 241; Bourke v. Vanderlip, 22 Tex. 221; Masterson v. Ashcom, 54 Tex. 324; Hale v. McComas, 59 Tex. 484; Stein v. Frieberg, 64 Tex. 271."

"Equity having obtained jurisdiction to enjoin the enforcement of certain void judgments by laborers for conversion of rice, on which they claimed a lien, it was error to refuse to retain such jurisdiction to determine the existence of such lien. Houston Rice Milling Co. v. Hankamer, 43 Tex. Civ. App. 576, 97 S. W. 119."

"Where a court takes jurisdiction of a proceeding to enjoin execution on a dormant judgment, it may, having taken such jurisdiction, proceed to determine all of the issues between the parties. Spiller v. Hollinger (Tex. Civ. App.) 148 S. W. 338."

"Jurisdiction having been obtained by reason of suit for injunction, the court may retain jurisdiction to adjudicate all the issues properly involved. Stewart v. Patterson (Tex. Civ. App.) 204 S. W. 768."

Following the holdings of the authorities from which we have quoted, it becomes our duty to reverse the judgment and to remand the cause, to the end that the trial court may hear evidence as to whether the car levied upon was in fact the identical car repaired by Bradbury, upon which he had a mechanic's lien, and after such hearing determine and adjudicate all the issues properly involved; and it is so ordered.

Reversed and remanded.