## KELLUM v. WARE.

### No. 13654.

Court of Civil Appeals of Texas. Dallas.

Nov. 30, 1945.

Floyd Snow and G. Q. Youngblood, both of Dallas, for appellant.

W. H. Hall, of Dallas, for appellees.

LOONEY, Justice.

A. A. Farmer and wife sued Frank Kellum to rescind the sale of a Ford automobile, alleging that the sale was induced by certain false and fraudulent representations in regard to the condition of the car, relied upon by plaintiffs, that induced them to make the purchase and pay $200 cash to defendant as consideration; alleged further that they incurred certain expenses due to the condition of said car, had rescinded the trade, and delivered the car to defendant; prayed judgment for the $200 paid, $17 expense items incurred, and the sum of $75 attorney's fees. The defendant answered simply by exceptions and a general denial.

V. L. Ware, asserting an interest in or claim to the subject matter of the suit, in-

tervened, alleging that he furnished the money ($200) to plaintiffs, with which they made the cash payment to defendant; that intervener was induced to furnish the money to plaintiffs and take a mortgage on the car as security, by reason of the false and fraudulent representations of defendant as to the condition of the car that were relied upon and but for which intervener would not have advanced the money to plaintiffs for the purpose mentioned; that said sale has heretofore been disaffirmed and the car returned and delivered to defendant. Intervener joined in the prayer that the sale be cancelled and that he have judgment against defendant for $200 furnished to plaintiffs aforesaid.

Intervener's petition was not answered by either plaintiffs or the defendant, and on the verdict of the jury and facts otherwise appearing, the court rendered judgment cancelling sale of the car, restored title to same to defendant free of the chattel mortgage lien held by intervener, and rendered judgment in his favor against the defendant for $200 as prayed. The defendant appealed alone from the judgment against him in favor of the intervener. The case is before us without a statement of facts; and, in the status of the record as above shown, we think it must be presumed that the facts and admissions warranted the verdict of the jury and the judgment of court.

The only material question presented is that the court below was without jurisdiction, in that the amount in controversy was below its jurisdiction. The question of jurisdiction was raised for the first time by the defendant in his motion for a new trial. As will be observed, plaintiffs sought cancellation of the contract of sale, and judgment for an amount in excess of $200. Intervener, claiming that he furnished the money to plaintiffs with which to pay defendant for the car and held a chattel mortgage thereon to secure same, sought judgment against defendant for $200 furnished plaintiffs to pay for the car. The judgment rendered, in effect, followed the prayer of the intervener.

We think the court had jurisdiction. Plaintiffs alleged a cause of action in excess of $200 in value, which fixed jurisdiction, in the absence of a successful attack showing that the jurisdictional facts set up were fraudulently alleged to confer jurisdiction where none really existed. See 11 Tex.Jur., p. 739, sec. 26, and authorities there cited; and where, as in the instant case, the court had jurisdiction of the subject matter and of the parties to the primary suit, and the intervener, showing an interest in or claim to the subject matter, was properly in the case, although the value of his interest or amount of claim was below the court's jurisdiction. See 11 Tex. Jur., pp. 758, 759, sec. 40, and the authorities there cited. Also see Templeman v. Gresham, 61 Tex. 50, 53; Heidenheimer v. Johnston & Co., 76 Tex. 200, 206, 13 S.W. 46; Garrett v. Robinson, 93 Tex. 406, 412, 55 S.W. 564.

In the case of Templeman v. Gresham, supra, the Supreme Court announced the doctrine common to the other authorities cited; the court said: "The district court had jurisdiction of the subject matter of the suit, and, so having, had power to adjust the rights of the several parties claiming an interest in the property on which the lien existed, although the interest claimed in the property sought to be subjected to the lien may not as to some of the parties have been such as of itself to give the court jurisdiction. Peiser v. Peticolas, 50 Tex. 638; Peticolas v. Carpenter, 53 Tex. [23] 27."

In view of the authorities and undisputed facts, we think the judgment of the court below should be affirmed, and it is so ordered.

Affirmed.